FRANK PREWETT V. THE STATE.

No. 2046.  Decided November 22, 1899.

1. Murder—Self-Defense—Charge.

It is not error for the court to charge on self-defense on a trial for murder where the issue of self-defense is not raised by the evidence.

2. Accomplice.

A person's mere knowledge of the commission of a crime, in the absence of proof implicating him therein, does not constitute such person an accomplice; and when such person testifies as a witness, his testimony will not demand of the trial court a charge upon the law of accomplice testimony. See opinion for facts stated held not sufficient to constitute the witness an accomplice nor accessory after the fact.

3. Murder—Weapon Used—Charge.

On a trial for murder, where the evidence raises no issue as to the character of the weapon used, defendant is not injured by the court's failure to charge as to that matter.

4. Same—Manslaughter.

On a trial for murder, a charge upon manslaughter is not required where that issue is not raised by the evidence.

5. Same—Where Several Means or Instruments Are Alleged in Indictment—Charge.

On a trial for murder, where the indictment alleges several means or weapons used in its commission, the court is not required to charge on an instrument as a means of the death which was not proved by the evidence.

6. Same—Evidence—Objections—Practice on Appeal.

Where no bill of exceptions was reserved to the admission of evidence, the court on appeal will not revise the matter, although it is stated in the motion for new trial.

7. Defendant's Failure to Testify—Charge.

It is now well settled that error can not be predicated upon the omission of the court to charge upon defendant's failure to testify as a witness, nor upon a proper charge given by the court upon that subject.

8. Newly Discovered Evidence.

Evidence is not newly discovered so as to authorize a new trial unless it is material, probably true, and calculated to change the result upon another trial.

APPEAL from the District Court of Red River.  Tried below before Hon. E. D. McCLELLAN.

Appeal from a conviction of murder in the second degree; penalty, twenty-five years imprisonment in the penitentiary.

The indictment charged this appellant and Irving Thompson and Lewis Hopkins jointly with the murder of Jesse Simon, on the 24th of December, 1897, by hitting and striking him with a stick and with a rail, and with a club, and with a piece of rail, and with some weapon to the grand jurors unknown.  A severance was granted upon motion of defendants, and appellant Frank Prewett was alone tried, the trial resulting as above stated.

The evidence shows that the deceased, as well as the three parties charged with his murder, were all negroes; that deceased had been working for a man by the name of Teal, and that Teal had paid him that day, the 24th of December, $10.  Deceased went to town, where

he purchased several articles of clothing, and was seen in company with the defendants, off and on, frequently, during the day and until a late hour of the night. His dead body was found the next day, or the day after, in Teal's pasture, about three-quarters of a mile south of Clarksville. There were two bruises upon his face, one of which crushed the skull, and apparently was made by a piece of fence rail, which was found near by with blood on it. There was also a bois d'arc club found near the body, that some of the witnesses thought had wool or hair on it. The face was badly burned, a fire having been made over his face with some rails piled upon it, and his shirt and vest were burned down to the waistband of his pants. His pants pockets were turned inside out, and the ends of the pockets were also burnt off. Several feet from where the body was found lying there were signs of a fire having been built, and near this fire was a smooth plank about ten or twelve feet long and about a foot wide; and apparently from these facts, the parties must have been shooting craps before the murder. The nearest house to the scene of the homicide was occupied by Rosa Hopkins, a colored woman, the mother of Lewis Hopkins, one of the defendants charged with the murder. This house was about 200 yards from the place where the murder was committed.

Mat Hopkins, a daughter of Rosa Hopkins and sister of Lewis Hopkins, one of the defendants, testified on this trial as a witness for the State. She stated, that on the night of the 24th of December, 1897, she stayed at her mother's house, and some time very late, during that night and after the other members of the family had gone to bed, appellant, Frank Prewett, her brother Lewis Hopkins, and Irving Thompson came through the yard and went out of the gate and went along the path in the direction of where the deceased was afterwards found killed. That shortly thereafter she heard some one say, as though in distress, hollooing, "O boys, don't do me that way." And shortly thereafter the same parties came running back from that direction. That her brother, Lewis Hopkins, stayed the balance of the night at the house, as did the appellant Frank Prewett also. And the next morning her brother Lewis Hopkins showed her a half dollar, and she saw a small spot of blood on his pants the size of a quarter of a dollar.

Frank Prewett, the appellant, was arrested by Constable L. D. Elliott, at a place called High, in Red River County. When arrested, defendant asked the officer what he was arresting him for, and he replied, "for shooting craps." After he was arrested and handcuffed to one Will Totten, who had gone to the place with the officer, defendant asked Will Totten if they had arrested Lewis Hopkins and Irwin Thompson. This was after the officer had read the warrant of arrest charging defendant with murder, and after he had warned him that anything he might say could be used in evidence against him. When Totten told him they had not arrested Hopkins and Thompson, defendant replied, "I am all right, then." Both the constable and Will

Totten swear that before defendant asked this question and made this statement neither of them had ever mentioned to him or called the names of Lewis Hopkins and Irwin Thompson.

The defense was an alibi, and there was some evidence introduced in support of this defense. The defendant also contended, that the State's witness Mat Hopkins was an accomplice, or an accessory after the fact, and that the court should have charged the law applicable to accomplice testimony. The evidence pertaining to this contention is sufficiently stated in the opinion.

No further statement necessary.

No briefs for appellant have come to the hands of the Reporter.

*Rob't A. John*, Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of murder in the second degree, and his punishment assessed at confinement in the State penitentiary for a term of twenty-five years.

We find no bill of exceptions in the record, and will consider appellant's grounds for new trial as contained in his motion for new trial. His first ground is: "That the verdict of the jury is contrary to the law and the evidence, the evidence being wholly insufficient to support the conviction, and is not of that conclusive nature as required by law in cases of circumstantial evidence, and fails to show to a moral certainty that the defendant committed the offense; and the evidence adduced was not incompatible with the innocence of defendant, and incapable of explanation upon any other reasonable hypothesis than that of guilt." A casual inspection of the record before us might lead to the conclusion contended for by appellant, but a closer study of the circumstances detailed by the witnesses constrains us to the converse opinion. We can not say the evidence is insufficient to support the verdict of the jury, but believe, taken as a whole, that the same is of that conclusive character that rivets conviction upon appellant.

The second ground of his motion is: "That the court misdirected the jury as to the law of the case, and failed to give the whole law applicable to the facts of the case: (1) Failed to charge on the law of self-defense; (2) failed to instruct the jury that they could not convict defendant on the uncorroborated testimony of Mat Hopkins,—her evidence, if true, showing her to be an accomplice." As to the first contention, we do not think it well taken. The evidence does not raise the issue of self-defense. As to the second contention, we must say that the evidence does not show that Mat Hopkins is an accomplice, nor does the evidence show that said witness was an accessory after the fact. The only evidence bearing upon this question is, in substance, as follows: S. A. Patterson, the justice of the peace, stated that the witness Mat Hopkins was sworn by him on the examining trial. "The

day before the examining trial, Mat Hopkins' brother gave witness a note signed Mat. Hopkins. The note said: 'Mr. Patterson: I want you to turn my brother loose. I know nothing about the case against the boys, so you can turn them out of jail.' The day of the examining trial Mat Hopkins was placed on the stand, and sworn as a witness. She would refuse to answer any questions asked her by the county attorney, and would refuse to say anything. I think she said one time, 'I do not know anything about the case.' The county attorney would ask her about previous statements made by her, and she would not answer him, and began to cry. Defendant's lawyer told her to go and testify to all she knew, but she refused, and I sent her to jail for contempt." S. W. Harmon, one of the defendant's attorneys, testified that the witness Mat Hopkins testified on the examining trial that she knew nothing about the case. The record further discloses the fact that Mat Hopkins is a sister of one of the parties accused of the crime; there being three parties, including the appellant. We have heretofore held that mere concealment of the fact that a crime has been committed does not make a person an accomplice. In Smith v. State, 28 Texas Criminal Appeals, 309, in passing on this question, we said: "A person's mere knowledge of the commission of a crime, in the absence of proof implicating him therein, does not constitute such person an accomplice; and when he testifies as a witness his testimony will not demand of the trial court a charge upon the law of accomplice testimony." And we find the same idea expressed in Alford v. State, 31 Texas Criminal Reports, 299, in the following language: "Mrs. Davis was not shown by the testimony to be an accomplice. Neither the knowledge on her part that an offense was being committed, nor the mere concealment of such knowledge, constituted her an accomplice." For an able discussion of this question, see Schackey v. State, ante, p. 255. We think from the foregoing statement it is apparent that the witness Mat Hopkins is not an accessory after the fact, nor an accomplice as contended by appellant. 1 Bish. New Crim. Proc., sec. 1159.

His third exception is: "That the court failed to fully and correctly charge the law of murder in the second degree, and failed to charge the jury as follows: 'That the instrument or means by which the homicide is committed are to be taken into consideration in judging the intent of the party offending. If the instrument be one not likely to produce death, it is not to be presumed that death was designed.' " Appellant, in this assignment, does not indicate how or wherein the charge is defective on murder in the second degree. From a careful inspection of the same we fail to discern any error in this respect in the charge. Nor do we think appellant has been injured by the failure of the court to charge as complained of by him. The evidence does not raise the issue.

The fourth ground of this motion is, the court failed to charge on

the law of manslaughter. There is no evidence raising this issue, and therefore the court did not err in failing to charge on the same.

The fifth ground is, the court erred in failing to charge on all the means and weapons alleged in the indictment to have been used in the commission of the offense. Clearly, it would have been erroneous for the court to have charged on an instrument as a means of death which was not proved by the evidence; and we do not think the court erred in confining his charge to the evidence.

The sixth ground complains of the court's charge on circumstantial evidence. We can not agree with this contention. The charge is full and explicit.

The seventh ground complains of the court's ruling on the admissibility of testimony. There is no bill of exceptions reserved as to this matter, and it is merely stated in the motion; hence we are unable to say that it has injured the appellant in any way.

In his eighth ground he complains of the failure of the court to instruct the jury that they could not consider defendant's failure to testify as a fact against him. We have frequently held that it was not error for the court to fail to so charge, nor error for the court to so charge.

In his last ground he sets up the fact that material newly discovered evidence has been secured since the conviction. This part of the motion is sustained by the affidavit of the witness Joe Phillips, from whom the newly discovered testimony is proposed to be procured. We have examined the affidavit, and do not think that the same comes within the rule of newly discovered testimony. In the first place it is not material; second, it is not probably true; and, third, it is not calculated to have changed the result of this case. Finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*