## JOE ADCOCK v. THE STATE.

### No. 2078.    Decided November 29, 1899.

**1.  Continuance—Practice on Appeal.**

The overruling of an application for continuance will not be considered on appeal where a bill of exceptions was not reserved as to the matter in the trial court.

**2.  Admission of Testimony—Practice on Appeal.**

Unless objection is urged and a bill of exceptions reserved in the trial court to the admission of the testimony of a witness claimed to be incompetent to testify, the matter will not be considered on appeal.

**3.  Accomplices.**

Parties are not accomplices to a crime unless they are shown to have in some way aided, encouraged, or advised its commission.

**4.  Accessories.**

Under provisions of article 87, Penal Code, a defendant's grandmother and brother-in-law can not be accessories to a crime committed by him.

APPEAL from the District Court of Van Zandt. Tried below before Hon. J. G. RUSSELL.

Appeal from a conviction of incest; penalty, five years imprisonment in the penitentiary.

The indictment charged appellant with incest with Nettie Rohrer, who was his aunt, she being a half-sister of the mother of appellant.

The case is sufficiently stated in the opinion.

No brief on file for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of incest, in that he carnally knew his aunt, half-sister of his mother.

His first assignment complains of the action of the court in overruling his application for continuance. Suffice it to say, he did not reserve a bill of exceptions.

The second assignment of error was reserved to the action of the court in permitting his incestuous paramour to testify, when the evidence showed that she was recently out of the lunatic asylum "on a furlough." There was no bill of exceptions reserved to this ruling. Therefore it can not be considered.

The third assignment criticises the court's charge because it failed to instruct the jury in reference to the law of accomplice testimony. This is based upon the evidence of Pollard and Julia Rohrer, the mother of Nettie Rohrer, with whom appellant committed the incestuous acts. Pollard was the brother-in-law of appellant, having married appellant's sister. He testified that the parties were entertained by him for a few days after the birth of the child, the result of the incestuous intercourse. Mrs. Rohrer, grandmother of appellant, testified she knew of the intimacy between the parties, but did not suspect that intimacy was of an illegitimate character until pregnancy was discovered; that, when appellant carried her daughter away from home, she gave the daughter some personal property. There is not an intimation in the testimony that either of these witnesses in any way aided, encouraged, or advised the offense,—in other words, there is no testimony tending to show that they were either principals or accomplices; and, if their evidence indicates they could have had any criminal connection with the matter in any way, it was by reason of the personal property given by the grandmother, and the permission of Pollard for them to sleep at his residence. If they could be held as particeps criminis in any way, which we do not believe, it was as accessories. This could not be, because the statute expressly declares that relatives of this character can not be accessories to an accused. See article 87, Penal Code. The second subdivision of said article declares that the "relations in the ascending or descending line by consanguinity or affinity" can not be accessories; and the third, that "his brothers and sisters" can not be accessories. The court did not err in failing to charge the law governing accomplice testimony as applied to the testimony of these two witnesses. This phase of the law was charged with reference to the incestuous paramour, Nettie Rohrer, who testified. There appearing no error in the record, the judgment is affirmed.

*Affirmed.*