### MOSE WALKER v. THE STATE.

#### No. 5493.  Decided December 17, 1919.

1.—Burglary—Misconduct of Jury—Practice on Appeal.

Where, upon appeal from a conviction of burglary, appellant complained that one of the jurors alluded to the fact that appellant did not testify, but it was shown from the record that the court heard testimony and overruled the motion, there was no reversible error.

2.—Same—Insanity—Newly Discovered Evidence—Practice in District Court.

Where, upon trial of burglary, the defendant pleaded insanity but was nevertheless convicted and thereupon filed a motion for new trial, attaching the affidavits of a great many people who therein swore that defendant was crazy and was so at the time of the alleged offense, a new trial should have

been granted, although this testimony strictly speaking could not be newly discovered, but strict diligence does not apply to the question of insanity, viewed in the light of newly discovered testimony. Following Schuessler v. State, 19 Texas Crim. App., 472, and other cases.

Appeal from the District Court of Henderson. Tried below before the Hon. John S. Prince, judge.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. M. Cureton*, Attorney General, *C. W. Taylor*, Assistant Attorney General, for the State.—On question of separation of jury: Robinson v. State, 58 Texas Crim. Rep., 550, 126 S. W. Rep., 276; Probst v. State, 60 Texas Crim. Rep., 608, 133 S. W. Rep., 263; Powers v. State, 69 Texas Crim. Rep., 494, 154 S. W. Rep., 1020; Espinosa v. State, 73 Texas Crim. Rep., 237, 165 S. W. Rep., 208; Coffman v. State, 73 Texas Crim. Rep., 295, 165 S. W. Rep., 939; Howard v. State, 76 Texas Crim. Rep., 297, 174 S. W. Rep., 607; Rhodes v. State, 69 Texas Crim. Rep., 45, 153 S. W. Rep., 128; Cooper v. State, 72 Texas Crim. Rep., 250, 162 S. W. Rep., 364.

On question of newly discovered evidence: Burgess v. State, 78 Texas Crim. Rep., 469, 181 S. W. Rep., 465; Newman v. State, 80 Texas Crim. Rep., 11, 188 S. W. Rep., 426; Page v. State, 80 Texas Crim. Rep., 332, 189 S. W. Rep., 951; Bullington v. State, 80 Texas Crim. Rep., 309, 190 S. W. Rep., 154; Holloway v. State, 81 Texas Crim. Rep., 156, 193 S. W. Rep., 145.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary and allotted five years in the penitentiary.

The first bill of exceptions recites the fact that one of the jurors mentioned the fact that appellant did not testify. This was controverted, and the same juror who made the original affidavit filed a counter affidavit recanting what he had said with reference to it. The court passed upon this. We are of opinion the court was not in error in his ruling under this record.

The question of insanity was an issue in the case on the trial, and there was evidence introduced *pro* and *con* not of a very satisfactory nature, and the jury found against appellant. This issue arose under the general plea. Appellant in his motion for new trial attaches the affidavits of thirty-five or forty people, who swear, nearly all of them, that appellant is crazy and has been for a number of years, and is so regarded by all the people who knew him, and especially where he lived in Dallas and Dallas County. These affiants knew and had known him for years prior to the alleged burglary. They show that his father was insane, that a sister was in the insane asylum, that some of his aunts were

crazy, and there seems to have been a streak of insanity running through his family. It would be entertaining to recount the statements of these witnesses, but of no practical value, to the mind of the writer; but a great many instances and occurrences and scenes connected with his life, and what he did and said, are specified in the affidavits, which, if true, would show that the man's mind was thoroughly unbalanced. Nearly all of these affiants state that appellant is crazy and was so regarded. He imagined that he had a divine commission to preach and did preach, and where things did not go to suit him while he was delivering his sermon he would use violent profanity. He imagined that he was John the Baptist, and a great many things that were not true, and any rational mind would have known them to be untrue and not facts. Under the testimony the man's mind at the time of the facts enumerated was unquestionably unsound. No impartial mind could read these affidavits without reaching that conclusion. It is true that the matters enumerated happened prior to his removal to Henderson County, yet in view of all the environments we are of opinion that these facts should have been passed upon by the jury. Some of the witnesses, testifying before the jury in regard to the matter, stated that he would know right from wrong at times; but in view of the facts and statements and the nature of the affidavits attached to the motion for new trial, we are of opinion the court should have granted him another trial before a jury and have these matters before the jury for their decision. This in a sense may not be said to be newly discovered testimony, because if it was not known, it could have been known by reasonable diligence prior to the trial; but the rule in Texas with reference to cumulative · evidence and strict diligence does not apply to the question of insanity, viewed in the light of newly discovered testimony. Mr. Branch lays down the rule, which seems to be supported by the authorities, that, "Where the plea is insanity the same strictness is not required as to newly discovered evidence of insanity as if some other fact was sought to be proved. A new trial should be granted for proof of facts which show insanity, although no diligence was used to obtain such evidence before the trial." Schuessler v. State, 19 Texas Crim. App., 472; Hill v. State, 53 S. W. Rep., 845; Horhouse v. State, 50 S. W. Rep., 361. It is not the policy of the law to punish criminally people whose minds are demented. There would scarcely come a case where an equitable showing is more strongly made, if not strictly a legal one, as in this case. In view of the overwhelming evidence of these affiants to the effect that appellant was insane, we are of opinion that the jury should pass on it in the light of this testimony, although it may not have been newly discovered.

For the reasons indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*