CHARLEY WREN v. THE STATE.

No. 8374.    Delivered April 30, 1924.

Rehearing denied October 8, 1924.

1.—Murder—Charge of Court—Issue not Raised by Testimony Will not be Submitted.

There is no evidence in this case of an accidental killing, and the trial court properly refused to submit that issue, although requested so to do by special charge. That it is not necessary to submit any issue not raised by the testimony is well settled.

2.—Same—Witness—Child Seven Years of Age—Properly Permitted to Testify.

The trial judge, after examination of a child witness of tender years, may exercise a sound discretion in permitting such witness to testify, and the act of the trial judge in permitting such testimony will not be disturbed.

ON MOTION FOR REHEARING.

3.—Same—Continuance—Proper Diligence Must be Shown or Motion for Continuance will be Refused.

Appellant made a motion for continuance in trial court, but did not show he had used diligence to secure attendance of witness. His motion was properly refused.

4.—Same—Motion for New Trial—Affidavit of Absent Witnesses Should be Embraced in Motion for New Trial.

Affidavit of absent witness as to what his testimony would have been, if present, should be presented in motion for new trial, mere affidavit of appellant in swearing to his motion for new trial, and then only on information and belief, is not sufficient.

5.—Same—Evidence—Declarations Res Gestae.

Where declarations are made by defendant while still in room where, killing took place, and with pistol with which killing was done in his hand although some thirty minutes after killing, and after his arrest by marshal such declarations are admissible as a part of the *res gestae*.

6.—Same—Special Charges—Bills of Exceptions.

A bill of exception embracing any special charges refused by the court should be allowed and approved by the trial judge. See Linder v. State, 94 Tex. Crim. Rep., 322, 250 S. W., 703.

Appeal from District Court of Kendall County. Hon. R. H. Burney, Judge.

Appellant was convicted in the district court of Kendall County of murder, and his punishment fixed at fifty years in the penitentiary.

The opinion states the case.

No brief was filed by appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the district court of Kendall county of murder, and his punishment fixed at fifty years in the penitentiary.

Appellant was charged with the murder of his wife, and there is nothing in the record suggesting any doubt or denial of the fact that on the date alleged she met her death by being shot with a pistol. Beside appellant and his wife, their little daughter and appellant's brother were in the house at the time and both testified substantially to the fact that appellant shot his wife.

There are seventeen bills of exception in the record, each of which has been carefully examined and considered by us but in none of which we observe any error calling for a reversal. By one of said bills of exception complaint is made of the court's failure and refusal to submit the issue of an accidental killing. That it is not necessary to submit any issue not raised by the testimony is well settled. Appellant placed upon the witness stand his brother, Grant Wren, who testified that he was in the house of appellant at the time of the shooting. This witness testified that he saw appellant go to the bed and reach under the pillow or bedding for the gun and that

the pistol went off; that he could not state whether appellant was firing it or not because he was not paying that much attention. He said that appellant was drunk. This witness denied that appellant and his wife were quarrelling, and on cross-examination testified that when appellant got the pistol he, witness, was leaving and went out through the kitchen door and that at the time the shot was fired he was going on outside and paid no attention to his brother or deceased. The following quotation may be taken from his testimony:

"I heard the shot as I went out of the kitchen, as I went out through the back way through the kitchen I heard a shot fired that's true and that is the way I testified before the grand jury, that is the story I told the grand jury the day after the killing. I don't remember seeing Christine anywhere then, I don't remember whether she was in the room or not. I didn't tell you what Charlie and Addie were talking about just before Charlie got the pistol. No, sir, I don't remember anything that was said. Yes, sir, the only thing is that I saw Charlie get the pistol from under the pillow or under the mattress and then I was leaving and when I was in the kitchen I heard the shot."

At another place in the testimony of this witness appears the following:

"I didn't know that Addie Wren was killed until after the officers came. I didn't know she was shot. No sir I couldn't see Addie Wren as I was leaving at the kitchen and I didn't see Charlie and I didn't see Addie at the time the shot was fired. As to whether I didn't testify before the grand jury that Addie was fussing at Charlie at the time he fired the shot I said which way they were standing. As to whether I didn't state before the grand jury, 'She was fussing at Charlie but made no movement toward him' probably I did make that statement. * * * Now I say that at the time the shot was fired I was in the kitchen going out the back way; well yes sir that is correct; I was going outside yes sir. Q. You were leaving when the shot was fired? A. I don't remember how you asked me, whether she was standing there and in what position, before that or afterwards. Yes sir I say now that when the shot was fired I was in the kitchen going the other way, I was going through the kitchen. Q. Out of the kitchen, to the outer door? A. I don't remember I might have been out of the door. I don't remember just where I was."

This is the only testimony upon which could be based any claim of an accidental shooting, and in our opinion it so far fails to present that issue as to justify the learned trial judge in declining to submit it.

The seven-year-old child of appellant was introduced as a witness for the State. Objection was made to her testimony on the ground that she was too young to know or appreciate the nature and quality

of an oath. The examination given her by the learned trial judge is fully set out in the bill of exceptions and from same it appears clear that the child was qualified and we do not think the court below in error in admitting her testimony. The child testified that her mother and father had been fussing and that the mother was sitting on a trunk and her father got the pistol and shot her mother and that her mother ran out of the door and fell. Several witnesses for the State who lived near by testified that they heard the shot and saw the woman fall out of the house.

Appellant seems to place some reliance upon the proposition that the evidence raised the issue of temporary insanity resulting from the recent use of intoxicating liquor. The court fully submitted the law governing such issue. We do not perceive anything arising or presented in any of the other bills of exception calling for discussion.

No error appearing in the record, an affirmance will be ordered.

*Affirmed.*

---

## ON REHEARING.

LATTIMORE, JUDGE.—In an able motion for rehearing appellant stresses the court's refusal to postpone or continue the case and he insists that the motion for new trial should have been granted for such refusal. We have again carefully examined the matter. It appears that appellant communicated with an attorney almost at once after the killing. Without going into details we state that this court can set no premium by reversal of cases upon the delay of parties in arranging terms with counsel whereby there appears to be a lack of diligence in the application for process. We have again carefully reviewed the application for continuance and have concluded that the only advantage hoped therefrom was that appellant might get one Williams to testify that he believed appellant temporarily insane from the recent use of intoxicating liquor at the time he killed his wife. It appears to be purely conjectural as to whether such would have been the testimony of Williams if present. This we gather to be the fact from careful examination of bill of exceptions No. 5. It is there stated that appellant had not seen or talked with said witness since the homicide and that all he knows about what witness would swear is upon information and belief. How he got the information or what formed the source of his belief, is not made to appear. The courts cannot set aside judgments upon such showing. Not only so, but the record shows that a number of disinterested neighbors of appellant were near by and across the street from where the shooting took place and saw and talked with appellant directly after same,— and no effort was made to prove by any of them temporary insanity

on his part.  Substantially the same facts as expected from Williams
were given in testimony by one Warren who was named in the ap-
plication for continuance but appeared and testified.  Based on the
testimony of Warren a hypothetical case was submitted to a physi-
cian called on behalf of appellant but he declined to say that upon
such facts he believed appellant insane.  We do not think ourselves
justified in applying the principle involved in Horhouse v. State, 50
S. W. Rep., 361; Hill v. State, 53 S. W. Rep., 845; and Walker v.
State, 216 S. W. Rep., 1085, to the extent of reversing this case.
There was no diligence in the instant case and no newly discovered
evidence.  The proposition that Williams would give such testimony
was not supported by his affidavit nor that of any other person save
appellant in swearing to his motion for new trial, and, as stated, then
only upon information and belief.

Appellant also seriously insists that it was error to allow the tes-
timony of the city marshal as to exculpatory statements made by ap-
pellant shortly after the shooting.  We have carefully examined the
bills of exception and the authorities presented supporting the prop-
osition.  This court's presumption is always in favor of the correct-
ness of the ruling of the trial court until the contrary is made to ap-
pear.  By argument and calling attention to statements made by other
witnesses the appellant attempts to reach the conclusion that the city
marshal must have reached the scene of the killing something like
half an hour after same took place.  No one was asked to state or at-
tempt to state the length of time.  The parties to the killing were
in the room where the shooting took place when the marshal reached
the scene.  Appellant still had in his hand the pistol with which he
had taken the life of his wife.  There is no attempt to show that
he was cool or calm or that the statement was not in every way
brought within the rule of *res gestae*.  He told the officer that his
wife had shot herself.  The objection to testimony as to this state-
ment was upon the ground that he was not warned and because same
was immaterial and irrelevant.  We have carefully searched the rec-
ord to ascertain if there be anything in it which would sustain the
proposition that the statement made was not a part of the *res gestae*
and have been unable to find it, nor do we believe it immaterial.

We have not been led to conclude ourselves in error in our former
opinion in holding that there was no evidence calling for a submis-
sion of the theories of an accidental shooting or a shooting under
such circumstances as to make it negligent homicide.  While not ma-
terial to a decision on this motion, our attention is called to the fact
that the learned trial judge declined to approve the bills of exception
taken to the refusal of special charges asked.  The notation made
by him upon said bills of exception is that it is not necessary under
the law to take a bill of exceptions to the refusal of a special charge.

The matter was discussed at some length by us in Linder v. State, 94 Texas Crim. Rep., 322; 250 S. W. Rep., 703, where we held contray to such view.

Believing the case was properly decided, the motion for rehearing will be overruled.

*Overruled.*