ERSIE BAKER v. THE STATE.

No. 12551.   Delivered May 22, 1929.
Appeal reinstated June 12, 1929.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor; the punishment, confinement in the penitentiary for two years.

The appeal bond is approved by the sheriff, but not by the district judge. Article 818, C. C. P., requires that the appeal bond be approved by the sheriff and the court trying the cause, or his successor in office. In the absence of a recognizance or appeal bond approved as the law requires this court is without jurisdiction to pass on the merits of the case. Perkins v. State, 298 S. W. 577; Gonzales v. State, 298 S. W. 893; Jones v. State, 267 S. W. 985.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION TO REINSTATE APPEAL.

LATTIMORE, JUDGE.—At a former day of this term this appeal was dismissed because of a defective appeal bond. This defect has been remedied. The judgment of dismissal is set aside, and the case now considered on its merits.

Appellant testified herein that at the urgent solicitation and request of the prosecuting witness, who was a guest at the hotel in which appellant was a porter, and who begged appellant to get him whisky because he was sick, he went and procured some whisky for said witness. He further testified that he paid a man from whom he got said whisky the same amount of money which he collected from the prosecuting witness therefor. Upon the trial the charge of the court below was excepted to for its failure to submit to the jury the issue as to the sale of the liquor in question being for medicinal purposes. The attention of the learned trial court being called to this matter by the exception mentioned, it was his duty to submit the issue to the jury, instructing them that if they believed that the sale was made for medicinal purposes and not for profit or otherwise, they should acquit.

For the failure of the court below to so instruct the jury, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*