AL ROWDEN v. THE STATE.

No. 12601. Delivered June 5, 1929.

The opinion states the case.

T. B. Ridgell and S. J. Osborne of Breckenridge, for appellant.

A. A. Dawson of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment confinement in the penitentiary for 99 years.

Appellant relied upon proof of insanity. Expert witnesses were not used to support his plea. No other defensive issues were submitted to the jury.

The motion for new trial was based in part on newly discovered evidence. Appended to the motion were the affidavits of appellant's attorneys wherein it was stated that appellant had no funds with which to employ medical experts to examine him; that appellant had been unable on account of his mental condition to aid his attorneys in preparing his case for trial and in presenting his defense to the jury; that after his trial some of appellant's friends employed medical experts to examine appellant; that a local physician who had witnessed appellant's trial came to his attorneys after the trial and stated to them that he was of the opinion that appellant was of unsound mind. There were other averments in the affidavits to the effect that under the conditions prevailing shortly before appellant's trial and during the trial the evidence claimed to be newly discovered could not have been procured by the exercise of greater diligence than was exercised by appellant's attorneys. Appended to the motion was the affidavit of Dr. F. S. White, in which it was shown that he is a graduate physician; that he has specialized in nervous and mental diseases, having been superintendent of the hospital for the insane at Austin, Texas, the hospital for the insane at San Antonio, and the hospital for the insane at Wichita Falls; that he is at this time conducting a private sanitarium for nervous and mental diseases at Wichita Falls; that he had examined appellant after his conviction; that he found appellant irresponsive to questions and without ability to make definite intelligent statements; that appellant did not seem to realize that he was in jail; that based on his examination of appellant and the information he had received relative to appellant's conduct prior to and at the time of the homicide he was of the opinion that at the time of the homicide and trial and at the present time appellant is of unsound mind. Also appended to the motion for new trial were the affidavits of two other physicians in which the opinion was expressed that appellant is of unsound mind. The state

controverted the motion for new trial upon the theory that the diligence was inadequate and that appellant was not insane.

It is the announcement of the decisions that the rule that one may not obtain a new trial to procure evidence which, by diligence, he might have had at the trial is stricter in other cases than in those where insanity is the defense. Lindsey v. State, 260 S. W. 862, and authorities cited. In Walker v. State,. 216 S. W. 1085, this court said:

"It is not the policy of the law to punish criminally people whose minds are demented. There would scarcely come a case where an equitable showing is more strongly made, if not strictly a legal one, than in this case. In view of the overwhelming evidence of these affiants to the effect that appellant was insane, we are of the opinion that the jury should pass on it in the light of this testimony, although it may not have been newly discovered."

In Lindsey v. State, supra, Presiding Judge Morrow said:

"Assuming that in the present case the learned trial judge determined on conflicting evidence heard on the motion that the appellant's attorney acquired, during the trial, information concerning Dr. York which in a different case might nullify his claim that the evidence of Dr. York was, in a legal sense, newly discovered, we are of the opinion that under the rule in an insanity case the appellant should be accorded a new trial. Our statute declares that 'no act done in a state of insanity can be punished as an offense,' and that 'no person who becomes insane after he committed an offense shall be tried for the same while in such condition.' These are mandatory expressions of the Legislature intended to protect, not only the accused against wrongful punishment for acts done in the state of insanity, but to protect the public against committing the wrong of trying one who is mentally deranged to the extent contemplated by the laws of this state. They bind the courts and the prosecuting officers."

Applying to the instant case the principle announced in the decisions referred to, we are of the opinion that another jury should pass on appellant's case in the light of the testimony of the medical experts referred to.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.