Nuge Warren v. The State.

No. 12749.   Delivered December 11, 1929.
Reported in 24 S. W. (2d) 1090.

The opinion states the case.

*Perkins & Perkins* of Rusk, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, Presiding Judge.—The unlawful transportation of intoxicating liquor is the offense; penalty assessed at confinement in the penitentiary for a period of one year.

An officer, without a search warrant, searched the person of the appellant and found in his possession two bottles, one containing a pint of whisky and the other a pint bottle partly filled with whisky. There is some suggestion that the appellant at the time was apparently under the influence of whisky, though the evidence is not made clear by the statement of facts.

The arrest was made on the 5th of December, and the trial took place on the 22nd of January following.   No attorney appeared for

the appellant; nor was there evidence introduced in his behalf. In the motion for new trial he was represented by counsel.

Attached to the motion is the subpœna issued on the 21st of January to summon six witnesses, which subpœna appeared to have been executed upon the same day that it was issued.

It is further shown in the motion by record testimony that the appellant was a private in the United States Army in the late war and had been honorably discharged. His record as a soldier was also attached, showing that he was in a number of engagements. Attached to the motion are the affidavits of the witnesses for whom subpœnas were issued, as well as several others, giving in detail the conduct of the appellant prior to the time of the trial, and also stating his age and physical and mental conditions. From these affidavits it is made to appear that since his return from the war the appellant's mental and physical conditions had been extremely bad; that he suffered from a malady from which he claimed the use of whisky had given him some relief, and for which he had been advised by the doctors in the Army to use whisky. Without going into detail, the testimony appended to the motion for new trial, if put before the jury, would have presented in a very definite manner the issue of insanity at the time of the alleged commission of the offense and at the time of the trial. It was affirmatively shown by witnesses who testified in behalf of the State that they had never heard of the appellant "bootlegging" or selling whisky, but had heard only of his drinking it. It is made to appear from the motion for new trial that the witnesses subpœnæd did not attend the trial; that no written motion for a continuance was made; that the appellant was not aware that it was necessary to do so. The delay in causing the issuance of the subpœnas would have evinced such lack of diligence as would have justified the overruling of the motion for a continuance if it had been made. After his conviction, attorneys were employed who presented a motion for new trial and appear for the appellant upon this appeal. There is a recital in the judgment overruling the motion for new trial that evidence was heard, but no evidence on the hearing appears from the record save the affidavits attached to the motion to which reference has been made. Ordinarily, the recital in the judgment that evidence was heard implies that the evidence heard by the trial court justified the order in overruling the motion. See Crouchett v. State, 271 S. W. 99. However, as pointed out in that case, in exceptional instances where it would manifest an injustice to apply the rule, it has been relaxed. See

Collins v. State, 95 Tex. Cr. R. 405. Rules of practice, that is, such as diligence in issuing process for witnesses and informalities in making a motion for a continuance such as is reflected by the record, for very sound reasons, have not been rigidly enforced against the accused where the issue of insanity was involved. From the opinion of this court, written by Judge Willson in the case of Schuessler v. State, 19 Tex. Cr. App. 479, the following quotation is taken:

"It is true that no diligence had been used by the defendant to discover and produce this testimony. On the contrary, his desire was that such testimony should not be resorted to. If, in fact, the defendant is insane, it could not be expected that he would use diligence to obtain testimony, and the law would not exact it of him. His counsel appear to have used reasonable diligence to obtain testimony, and did obtain some as to his mental condition, and show good reason why they did not produce the testimony which they show can be produced on another trial. This newly-discovered evidence is certainly material, and calculated, we think, to change the result on another trial. It appears to us probable that the defendant is not a responsible person, and we think the law and justice demand that he should have a new trial."

The principle stated has been applied by this court in several later cases. See Horhouse v. State, 50 S. W. 361; Hill v. State, 53 S. W. 845; Walker v. State, 86 Tex. Cr. R. 441; Rowden v. State, 18 S. W. (2d) 170. Giving the rule effect in the present case would warrant a new trial in order that the evidence of the witnesses whose affidavits are attached to the motion for new trial might be placed before the jury.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*