## W. H. Rich v. The State.

No. 13363.   Delivered May 21, 1930.
Reported in 28 S. W. (2d) 802.

The opinion states the case.

*Oscar H. Calvert* of Dallas, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—The offense is theft; penalty, confinement in the penitentiary for a period of two years.

The appellant stole an automobile of the value of $75.00.   The car was recovered a few moments after the theft.   A plea of guilty was entered.   Appellant made no proof upon the trial except that he was 37 years of age; that he was a hard-working man; that he had been a soldier but had been discharged from the Army on account of being disabled.

In the motion for new trial there was set up the fact that the appellant was of such low mentality as rendered him incapable of distinguishing between right and wrong with reference to the particular act.   On the trial the circumstances of the theft were not detailed. However, in the motion for new trial they were set up in substance as follows:   That the appellant had been invited by two men (with one of whom he was acquainted) to go to lunch with them, using the appellant's automobile.   Upon their return they stopped the car behind one which was standing on the street near the curb.   One of the men told the appellant to get into the parked car and put it in shape, and that they would shove it along.   After it was moved about 80 yards officers approached and the two men fled in the ap-

pellant's car, taking it and his tools. The appellant was sitting at the wheel of the stolen car when the officers arrived. He got out, ran a short distance and stopped at an oil station where he was later arrested.

A number of affidavits were attached to the motion for new trial. One of them was that of a lady at whose place the appellant had lived. She stated that the appellant owned an automobile and a kit of carpenter tools; that he worked at odd jobs. She also stated that she had ample opportunity to observe him and converse with him; that his mentality was not above that of an ordinary child of 7 or 8 years of age; that he did not talk like a grown person; that she had had much experience and contact with people, and that in her opinion the appellant was incapable of distinguishing between right and wrong; that she had no knowledge of the appellant's arrest and therefore gave no information to the officers or the attorney who represented the appellant with reference to this matter before the trial.

In the affidavit of Col. A. P. Watts, it is stated that he had been an army officer for 30 years and was still in the government service. After stating some relevant facts, he stated his opinion with reference to the mental condition of the appellant in substance the same as that contained in the affidavit mentioned above. Several other affidavits of a like nature and of equal certainty and particularity gave testimony of the same nature.

Oscar H. Calvert, the attorney who represented the accused, gave testimony showing that he had no previous acquaintance with the appellant; that he had never seen him except while in jail and when the appellant went to trial; that he did not know the facts that had been detailed of the circumstances of the offense; that he did not know about the appellant's ownership of the car and the kit of tools.

The only controverting affidavit filed was that of the Assistant District Attorney challenging the sufficiency of the diligence to learn of the mental condition of the accused.

Where the defense is insanity, the requirement of diligence in the discovery of newly discovered evidence is not as strict as in other instances. See Schuessler v. State, 19 Tex. Cr. App. 472; Hill v. State, 53 S. W. 845; Horhouse v. State, 50 S. W. 361; Walker v. State, 216 S. W. 1085,

The averments of fact set up in the motion and the affidavits attached thereto were not controverted by the State. On the record before us, we are impressed with the view that the motion for new trial should have been granted.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*