### FRANK SKOTNIK v. THE STATE.

No. 14331.   Delivered June 10, 1931.
Appeal Reinstated October 14, 1931.
Rehearing Denied December 9, 1931.

The opinion states the case.

*L. W. Pollard,* of Rosenberg, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one year.

The appeal bond is approved by the district judge, but not by the sheriff. Article 818, C. C. P., requires that the appeal bond in a felony case be approved by the sheriff and the court trying the cause, or his suc-

cessor in office. In the absence of a recognizance or appeal bond, approved as the law requires, this court is without jurisdiction to pass on the merits of the case. Baker v. State, 113 Texas Crim. Rep., 120, 18 S. W. (2d) 623, and authorities cited.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—A sufficient appeal bond having been supplied, the appeal is reinstated and the case considered on its merits.

Appellant and his wife drove to a dance in an automobile. According to the testimony of the officers, they saw appellant walk around in front of the dance hall, talking to the people congregated there. Appellant's young son walked to the automobile, where appellant's wife was sitting, and then came away from the car. A search of appellant's car disclosed twenty-four pints of whisky. Testifying in his own behalf, appellant admitted that the whisky belonged to him, but declared that he was not selling it. He said he had bought it for his own use. Appellant's wife testified on the trial of the case.

The only question presented for review is concerned with the action of the trial court in refusing to grant a new trial upon an allegation in the motion for new trial that it had been discovered after appellant's trial that he had been insane for a number of years. Upon evidence being heard, it developed that appellant was being represented by counsel he had chosen, it appearing that four weeks before the trial appellant went to the office of his attorney and there employed him to represent him in a preliminary hearing, as well as upon the trial of his case. Appellant's counsel testified that about an hour after the trial appellant's wife stated to him that appellant had been treated for insanity. The affidavits of four or five witnesses who lived in Lavaca county and who had known appellant two years previous to his trial were brought forward upon the hearing. Although the court declined to consider these affidavits, we have read them. In each of these affidavits it is averred in substance that appellant was an habitual drunkard. It is stated that affiants had known appellant approximately two years previous to his trial, and that, in the opinion of affiants, appellant was insane and did not know the difference between right and wrong. Appellant's wife did not testify on the motion for new trial. A brother, with whom appellant lived, testified that in his opinion appellant was insane and that he did not believe appellant knew the difference between right and wrong. This brother, however, stated that he thought appellant had enough mentality to know that it was wrong to

sell whisky. He said: "At times I think he does know right from wrong, and at times I don't think he knows right from wrong." Mr. Mikolas testified that in his opinion appellant was insane. It appears that appellant was a tenant on the farm of Mr. Mikolas' mother. Appellant's attorney was of the opinion that appellant was insane. Upon the contrary, the sheriff of the county, who had observed appellant during the time he was in jail, expressed the opinion that appellant was sane. Appellant had been treated in a private sanitarium in Hallettsville two or three years before the trial. It does not appear that there was any effort made by appellant's counsel to have appellant examined by a physician or by mental experts. Appellant's attorney had conferred with appellant frequently before the trial. He had also conferred with appellant's wife. The defense of insanity was not interposed on the trial of the case.

It is the rule that where the defense is insanity the requirement of diligence as to newly discovered evidence is not as strict as in other instances, but the determination of this question depends upon the facts of each case. Rich v. State, 115 Texas Crim. Rep., 386, 28 S. W. (2d) 802. We think this record shows a want of exercise of any diligence to secure testimony touching insanity. It may be added that we are of the opinion it is clear that the proposed testimony which is alleged to be newly discovered would not likely change the result if a new trial should be granted. Branch's Annotated Penal Code, sec. 201; Prewett v. State, 41 Texas Crim. Rep., 262, 53 S. W., 879.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—In view of the record, the appellant's contention that the trial court was in error in overruling the motion for new trial cannot be sustained. The evidence heard upon the motion for new trial is not regarded as bringing the case within the principle announced in the case of Rich v. State, 115 Texas Crim. Rep., 386, 28 S. W. (2d) 803, and other cases referred to in the appellant's motion for rehearing and in the original opinion.

The motion is overruled.

*Overruled.*