## CLAUDE GRUBBS V. THE STATE.

No. 20881. Delivered February 28, 1940.

The opinion states the case.

*Leon Lusk,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of sodomy and his punishment was assessed at confinement in the state penitentiary for a term of ten years.

The only contention which appellant makes is that the trial court committed reversible error in overruling his motion for a new trial based on newly discovered evidence. It is alleged in the motion that since his trial, his relatives had employed an attorney to prepare and present a motion for a new trial and to represent him. It is made to appear that upon the trial he was not represented by counsel. The motion alleges that since the trial it has been discovered by said attorney that the defendant has been of unsound mind from infancy. To this motion is attached the affidavits of a number of witnesses in which they depose and assert that they have known him for fifteen years; that they have had occasion to talk to him, see and observe him and have heard him talk to many other people. That from his acts and their conversations with him and observation of him, they reached the conclusion that he was feeble-

minded and at all times did not understand the import and consequences of his acts or know the right from the wrong. None of these persons have stated *facts* upon which their conclusion was based. This is necessary where a non-expert witness desires to express the opinion that the defendant is insane. See Burton v. State, 33 Tex. Crim. Rep., 138 (141); Shields v. State, 104 Tex. Crim. Rep., 253, 283 S. W., 844; Williams v. State, 37 Tex. Crim. Rep., 348, 39 S. W. 687. Appellant also appended an affidavit of his father, who stated that when he, the defendant, was a mere child, he was very sick, which seemed to have affected his mind; that he went to school but did not get beyond the third grade. That from his associations and conversations with the defendant, he had reached the conclusion that the defendant did not know the right from the wrong.

The record is before us without a statement of the facts, in the absence of which we cannot properly appraise appellant's contention. The issue of insanity may have been raised by appellant upon his trial; in such event, the newly discovered evidence would be but cumulative. Or it might have been that appellant took the witness stand and testified. If so, the court saw him, heard him and observed his manner and conduct and might have been convinced that he had sufficient mental capacity to know the right from the wrong. It is quite obvious that in the manner in which this record comes to us, we would not be justified in reversing this case.

We have carefully examined the cases of Warren v. State, 24 S. W. (2d), 1090, 114 Tex. Crim. Rep., 207, George v. State, 114 Tex. Crim. Rep., 458, 26 S. W. (2d), 249, as classified by Judge Hawkins in Williams v. State, 66 S. W. (2d), 306 (309), but do not believe that we would be justified in extending that rule to cases where the facts proved upon the trial were not brought up and made a part of the record.

It follows that the judgment of the trial court must be affirmed and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.