## TOM GENTRY V. THE STATE.

### No. 10000. Delivered November 10, 1926.

### Rehearing denied January 19, 1927.

**1.—Manufacture of Intoxicating Liquor Indictment—Motion to Quash—Properly 'Overruled.**

Where appellant presented a motion to set aside the indictment on the ground that the grand jury returning same had not been selected as required by law, the motion was properly overruled, not being embraced within Art. 358, C. C. P. 1925, it being shown that appellant was under arrest at the time that the grand jury was empaneled, charged with the offense for which he was indicted, and that no challenge to the array had been made by him.

**2.—Same—Continued.**

Nor could appellant avail himself, in support of his motion to set aside the indictment, of a challenge to the array which had been made by one J. H. Davis before the grand jury was impaneled, in which Davis set out the same grounds in his challenge to the array, as those set out in appellant's motion to quash the indictment. Appellant's right to challenge the array would be waived unless exercised by him before the grand jury was impaneled. Following Smith v. State, 97 Tex.. Crim. Rep. 7; Hickox v. State, 95 Tex. Crim. Rep. 173; Robinson v. State, 92 Tex. Crim. Rep 539, Garrett v. State, 66 Tex. Crim. Rep. 480.

**3.—Same—Continued.**

The facts averred, if true, presented an irregularity in the conduct of the District Judge and the Jury Commissioners, which was unique, and if available would come within the purview of a challenge to the array, and was not available in a motion to set aside the indictment. Distinguishing Juarez v. State, 277 S. W, 1091.

**4.—Same—Evidence—Motion to Suppress—Properly Overruled.**

Where a motion to suppress the evidence of certain officers was based upon the claim that they became acquainted with certain facts by the search of appellant's premises without a search warrant, but it does not appear from the bill that the evidence to which it relates was in fact before the jury, and no statement of facts appears in the record, the presumption will be indulged that the evidence was sufficient to support the judgment.

### ON REHEARING.

**5.—Same—No Error Disclosed.**

On· rehearing appellant urges that the record does not affirmatively show that he was under arrest charged with this offense at the time that the grand jury was organized. An investigation shows that the matters referred to is but a statement made by appellant as a part of his objection, set out in a bill. There is no affirmation on the part of the trial judge that the matters stated in the objection are true.

Appeal from the District Court of Hopkins County. Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty three years in the penitentiary.

The opinion states the case.

*Ramey & Davidson* of Sulphur Springs, for appellant. On motion to quash indictment, appellant cites: Powell v. State, 269 S. W. 443, Woolen v. State, 150 S. W. 1165.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of three years.

The record is not accompanied by any statement of the evidence heard in the trial court.

The indictment is attacked upon averments claiming that certain conduct attributed to the district judge was violative of the statutory provisions governing the selection of persons from whom the grand jury was drawn. The statute requires the appointment by the judge of three commissioners to select the grand jury; that the judge shall instruct them concerning their duties, and that they shall take the oath of office in which it is said:

"* * * that you will not make known to any one the name of any juryman selected by you and reported to the court."

The law directs that they shall not separate; that they shall be kept free from intrusion, and that they shall select sixteen men with certain qualifications, whose names shall be put in a sealed envelope, indorsed with the signatures of the commissioners, and delivered to the judge in open court. See C. C. P., 1925, Arts. 333 to 340, inclusive.

Appellant avers that after appointing and instructing the jury commissioners at the January term, 1925, the judge of the court told them privately to exhibit to him the list of names selected as grand jurors before sealing same; that upon compliance with this request, the judge erased from the list the names of four persons who, he said, were objectionable to him and directed that in their stead others should be selected by the commissioners, which was done. Appellant also avers that at the opening of the September term and before the grand jury was

impaneled, one J. H. Davis, a citizen of Hopkins County, and a "person" within the designation of the statute, set up the alleged facts hereinabove recited in a writing verified under oath, upon which averments the said Davis based the challenge to the array to which, according to the appellant's averments, the court sustained a demurrer and impaneled the grand jury from the sixteen persons whose names were embraced in the written report of the jury commissioners in the manner hereinabove mentioned. The averments in substance were supported by the affidavits of the persons who composed the jury commissioners.

Article 570, C. C. P., 1911, reads thus:

"A motion to set aside an indictment or information shall be based on one or more of the following causes, and no other:

1. That it appears by the records of the court that the indictment was not found by at least nine grand jurors, or that the information was not presented after oath made as required in Article 467 (479).

2. That some person not authorized by law was present when the grand jury were deliberating upon the accusation against the defendant, or were voting upon the same."

Article 361, C. C. P., 1925, reads as follows:

"A challenge to the array shall be made in writing for these causes only:

1. That those summoned as grand jurors are not in fact those selected by the jury commissioners.

2. In case of grand jurors summoned by order of the court, that the officer who summoned them had acted corruptly in summoning any one or more of them."

Appellant was indicted Sept. 1, 1925. The date of the offense was laid on the 26th day of May, 1925. The writing attacking the indictment was filed Sept. 25, 1925. As this court conceives the law, the challenge to the array which was described as having been made by J. H. Davis is not available to the appellant. If the appellant was under arrest or under bond charged with the offense at the time the grand jury was impaneled, he was privileged to challenge the array, under the procedure and upon the authority and on the grounds named in the statute which is quoted above, Art. 361, supra. If, under such circumstances, that is, he being under arrest or under bond charged by complaint with an offense, his right to challenge the array would be waived unless exercised by him before the grand jury was impaneled. This, we understand, has been announced by this court upon many occasions, among which are Smith v. State, 97 Tex. Crim. Rep. 7; Hickox v. State, 95 Tex. Crim. Rep. 173;

Robinson v. State, 92 Tex. Crim. Rep. 539; Garrett v. State, 66 Tex. Crim. Rep. 480. As the matter now comes before this court, it is simply in the condition that Mr. Davis, upon certain averments, challenged the array and objected to the impaneling of the grand jury. This is not made evident by bill of exceptions settled and filed at the time, but appellant's effort is, after indictment, to re-open, in his own behalf, the hearing on the plea filed by Davis before the grand jury was impaneled. If admissible under any circumstances, it seems manifest that it could not be entertained on appeal in the absence of showing by this record that the accused was not charged with the offense before the grand jury was impaneled. There are other statutory provisions guarding the rights of one charged with an offense and indicted after the grand jury is impaneled. Such persons, however, are ordinarily relegated to a motion to set aside the indictment. See Powell v. State, 269 S. W. 443. Even without direct statutory authority the courts will take cognizance of and afford relief against the conduct of persons in authority in organizing grand juries under circumstances violative of the Bill of Rights embraced in the Constitution of the United States and of this state. See Juarez v. State, 277 S. W. 1091. The matter at present under review, however, does not come within the purview of Art. 506, C. C. P., 1925, enumerating the conditions under which one may set aside an indictment. The indictment in the present case is not shown by the record to have been found by less than nine grand jurors, nor that there was present in its deliberations some persons not authorized by law as contemplated in Art. 506, supra; nor does it embrace a violation of the Bill of Rights as was the case of Juarez v. State, supra. The facts averred, if true, presents an irregularity in the conduct of the district judge, and jury commissioners which is unique, and if available, would come within the purview of a challenge to the array. In the present instance the appellant is not shown to have made such a challenge; nor does it appear that he was not in a position to have done so on the ground that the persons summoned for grand jury service were not the ones selected by the commissioners.

A second bill of exceptions complains of the refusal of the court to suppress evidence. The motion is based upon the claim that certain officers became acquainted with criminative facts by the search of the appellant's premises without a valid search warrant. The motion is preliminary, and the action of the court is not available as a ground for reversal. It does not appear

from the bill that the evidence to which it relates was in fact before the jury; nor is there a statement of facts showing upon what proof the verdict was rendered. In the absence of information from the record showing the evidence that was before the jury, the presumption will be indulged that it was sufficient to support the judgment. Moreover, the qualification of the bill in effect negatives the averments therein touching the illegal search.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant urges that we were in error in holding that the record did not affirmatively show that he was under arrest and charged with this offense at the time the grand jury was organized. He refers us to page 33 of the transcript, affirming that the showing is there made. An investigation shows that the matter referred to is but a statement made by appellant as a part of his objections set out in a bill. There is no affirmation on the part of the trial judge that the matters stated in the objection are in fact true.

The motion for rehearing will be overruled.

*Overruled.*