## KELLEY v. STATE.   (No. 10009.)

(Court of Criminal Appeals of Texas.  Dec. 8, 1926.)

1. **Grand jury ☞17—Indictment and information ☞137(2)—Court's striking names from list of grand jurors selected by commissioners held not ground for challenge to array or motion to quash indictment.**

That court struck certain names from the list of grand jurors selected by the jury commissioners *held* not to warrant sustaining of challenge to the array of grand jurors or of motion to quash indictment.

2. **Criminal law ☞1168(1)—Refusal to direct acquittal if money stolen was not $50 or over held immaterial, where conviction was for theft of less than $50.**

Where indictment charged theft of $50.25 in money, bill of exceptions complaining of refusal to direct acquittal if the evidence showed that the money alleged to have been stolen was not in the amount of $50 or over *held* immaterial, where jury found that defendant was guilty of theft of money less than $50.

3. **Criminal law ☞1119(2)—Bill of exceptions complaining of cross-examination, not showing extent of direct examination, held to disclose no error.**

Bill of exception, complaining that cross-examination of defendant's wife as to places which defendant had taken her after the alleged offense was not within scope of direct examination and was an attempt to prove flight of defendant by his wife, *held* defective and insufficient to disclose error, in absence of showing of extent of examination in chief.

4. **Criminal law ☞1170½(1)—Witnesses ☞344(2)—Impeachment of credibility of defendant's wife by showing that she had stayed at hotels of bad reputation held error requiring reversal.**

Cross-examination of defendant's wife as to her knowledge of the reputation of certain hotels at which she had stayed with defendant, and the admission of testimony of other witnesses as to the bad reputation of such places, for purpose of impeaching her credibility, *held* error and to require reversal.

Commissioners' Decision.

Appeal from District Court, Hopkins County; J. M. Melson, Judge.

Dike Kelley was convicted for the theft of property under the value of $50, and he appeals. Reversed and remanded.

Grover Sellers, of Sulphur Springs, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

BAKER, J. The appellant was convicted in the district court of Hopkins county for theft of property under the value of $50, and his punishment assessed at confinement in the county jail for 9 months.

The record discloses that the appellant was charged by indictment with the theft of $50.25 in money from one W. A. Beckham on or about the 18th day of April, 1925. The indictment was returned by the grand jury at the August term, 1925, of the district court. Briefly stated, it was the contention of the state that the appellant, on the night of the alleged offense, went to the home of the prosecuting witness, Beckham, and took with him a Miss Jewel Brandenburg, who afterwards became his wife, and that while said parties were at the home of the prosecuting witness and during the approach of a storm the appellant stole a purse from the trousers of the prosecuting witness. The record further discloses that the prosecuting witness was a blacksmith and was living alone in said house at the time in question, and he testified that he had retired when the appellant was admitted to the house, that there was no light in the house while the appellant and Miss Brandenburg were there, and that immediately after their departure he discovered the loss of his money. While the appellant failed to testify in his own behalf, his wife testified that she and the appellant, upon seeing the approach of a storm, went to the home of the prosecuting witness and the appellant asked permission to stay there until the rain or storm was over; that while they were there she and appellant stood in the doorway, with the appellant holding her arm; and that immediately after the storm was over they proceeded on their journey. This is a sufficient statement of the facts and issues involved for the discussion of the questions in this record.

[1] In bills of exception 1 and 2 the appellant complains of the refusal of the court to sustain his challenge to the array of grand jurors, based upon the affidavit of one J. H. Davis, questioning the validity of the organization of the grand jury by reason of the court's conduct in striking certain names from the list of grand jurors selected by the jury commissioners, and complains of the refusal of the court to sustain a motion to quash the indictment for the same reason. This court, in the case of Gentry v. State (No. 10000) 290 S. W. 541, opinion delivered by Presiding Judge Morrow on November 10, 1926, yet unpublished, held against the appellant's contention on this issue, and therefore it becomes unnecessary for us to go into a detailed discussion of the questions raised in these bills. The indictment in the Gentry Case, similar to that in the instant case, alleged an offense committed prior to the convening of the grand jury in question, and the points discussed there are applicable to the issues raised in the instant case.

[2] The appellant, in many bills of exception complains of the refusal of the court to charge the jury, in effect, that if the evidence showed that the money alleged to have been stolen from the prosecuting witness was not in the amount of $50 or over, to acquit the appellant of felony theft. These questions and issues pass out of the case on account of the jury having returned a verdict finding the appellant guilty of theft of money less than $50.

[3] In bill No. 12 complaint is made to the action of the court in permitting the state, on cross-examination of the appellant's wife, to have her testify that the appellant took her to the Brooks Hotel in Greenville; then to Dallas; then back to Sulphur Springs, etc. The appellant contends that the matters involved in said cross-examination were not brought out on examination in chief by the appellant and that the state was thereby attempting to prove, by appellant's wife, flight on his part. This bill fails to show what the examination in chief was, and we are not advised from the bill whether or not the cross-examination was germane to the examination in chief; for that reason, the bill is defective, and, as presented, shows no error. Hennington v. State, 101 Tex. Cr. R. 12, 274 S. W. 599; Rodriguez v. State, 104 Tex. Cr. R. 572, 286 S. W. 226.

[4] In bills of exception 13, 14, 15, and 16 complaint is made to the action of the court in permitting the state, on cross-examination of the appellant's wife, to have her testify that she did not know the reputation of the Brooks Hotel in Greenville or that of the place where she stayed in Sulphur Springs, and in permitting the state to show by certain state's witnesses that they were acquainted with the general reputation of said places, and that the above hotel had the reputation of being a bawdyhouse and that the Sparkman House in Sulphur Springs had a bad reputation throughout the town. The court qualified these bills by stating that the state's witness, Beckham, testified that while the girl was with the appellant in his house, he, the witness, fondled her, which would tend to show her to be of questionable character, and the reputation of the houses where she stayed was admitted for the purpose of assisting the jury in passing upon the credibility of the appellant's wife. After a careful examination of these bills, we are of the opinion that the court was in error in the admission of this testimony, and that the state could not impeach the credibility of the appellant's wife by showing that she had remained a night or two at a hotel or a place of questionable reputation. In the case of Ballard v. State, 71 Tex. Cr. R. 587, 160 S. W. 716, this court, through Judge Davidson, said:

"Proof that appellant or any other witness in the case associated with lewd women or kept bad company is not admissible for the purpose of impeachment"—citing Holsey v. State, 24 Tex. App. 42, 5 S. W. 523, and many other authorities.

There are several bills of exception complaining of the closing argument of the district attorney and contending that said argument was an attempt to state facts not in evidence and was very prejudicial to the appellant. In view of the disposition we have made of this case, it is unnecessary to discuss these bills in detail, as the same questions are not likely to arise upon another trial. It might not be amiss to state, however, that the objections to said argument are not wholly without merit.

For the error above discussed, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.