## HUGH WORD v. THE STATE.

### No. 3781. Decided November 3, 1915.

#### 1.—Assault to Murder—Continuance—Practice in District Court.

Where, upon trial of assault with intent to murder, there was no showing that the defendant was deprived of any testimony, there was no error in over-ruling a motion for continuance, although there was some statement by the court that under certain contingencies, the case would be continued, if the defendant made bond.

#### 2.—Same—Misconduct of Jury.

Where the motion for new trial did not contain any allegation as to appellant's conduct during the trial, and that he was not guilty of such conduct, a comment thereon by the jurors would not present grounds for reversal.

#### 3.—Same—Motion for New Trial—Affidavit—Other Transactions.

Where no affidavit was attached to the motion for new trial, sustaining the allegations therein, that other transactions had been injected into the trial of the case, there was no reversible error.

#### 4.—Same—Evidence—Remarks by Judge.

Where, upon trial of assault to murder, a witness for the State, on re-direct examination, was asked whether he was not interested in the case because defendant had shot at him, whereupon the court remarked that he thought the testimony was admissible to show motive, but the record showed that the question and answer were withdrawn from the jury at the time they were made, there was no reversible error.

Appeal from the District Court of Anderson. Tried below before the Hon. John F. Prince.

Appeal from a conviction of assault to murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*J. E. Rose,* for appellant.—On question of insufficiency of the evidence: Hammons v. State, 29 Texas Crim. App., 445; Reyes v. State, 48 Texas Crim. Rep., 346.

On question of other offenses: Welhausen v. State, 18 S. W. Rep., 300; Haney v. State, 57 Texas Crim. Rep., 156, 122 S. W. Rep., 34.

On question of remarks by judge: Bradshaw v. State, 44 Texas Crim. Rep., 222; Kirk v. State, 35 id., 224.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of assault to murder, and his punishment assessed at five years confinement in the penitentiary.

Appellant contends that the court should have continued the cause for the following reasons: Appellant was in jail, and had two criminal charges against him. Appellant's counsel states that in a conversation with the court and the district attorney, the court had stated he would call the first numbered case for trial, and if appellant was acquitted in that case, and would make bond in the second case, it could be continued. The court says, that all that was said was, "if appellant was not convicted in the first case, and would make bond, he would not require so strict a showing, but if no bond was made, he would not leave him in jail untried unless a strict showing for continuance was made." Appellant was acquitted of the first offense on July 1st. On the 2nd of July the court states he called this case for trial in the morning. Appellant's counsel not being present, he had him called and sent men to search for him. Not being able to locate appellant's counsel, he postponed the case until 2:30 in the afternoon. At that hour he again called the case for trial, and had the jurors take a seat in the jury box; that at this time appellant's counsel came in with a bond and asked that the case be continued. That he declined to do so unless a showing was made. All witnesses being present, and appellant not contending that he was deprived of any testimony, the court did not err in not granting a continuance.

Appellant contends that the court should have granted a new trial, because his counsel alleges that after the trial Mr. Ben D. Jackson, one of the jurors, stated in his presence and hearing, that some of the jurors discussed the fact "that defendant would walk across the courtroom in a very awkwardly, uncouth manner during the progress of the trial; that he would laugh and smile at various members of the jury in such a way as to call forth a discussion of these facts." There is no allegation that appellant was not guilty of such conduct, and if he was guilty of it, and the jurors commented on it, it would present no ground for a new trial.

Appellant's counsel also says that Mr. Jackson told him "that half of the jury said that but for the facts injected into the trial relative to the shooting of Ira Swanson defendant would have been acquitted. Appellant's counsel does not attach his affidavit, that such an occurrence took place, nor does he attach the affidavit of Mr. Jackson. As presented to us, we can not say the court erred in the premises.

Appellant also has a bill in the record in which he complains Ira Swanson, a witness for the State, on redirect examination, was asked the following question: "Isn't the reason that you are interested in this case is because that Hugh Word shot you four times because you were a witness against him in this trial?" Appellant says that before he could object the witness replied, "Yes." That appellant did then and there object and except to such question and answer, when the court remarked: "I think it admissible to show motive." The court says he made no such remark, and as qualified by him would certainly present no error, but appellant, while filing the bill as qualified, also filed a bystander's bill, and the witnesses testify that the court did

make the remark, and prove up the bill as presented by appellant, consequently we must consider it. The witness Ira Swanson was one of the witnesses for the State who testified that appellant shot Mattie Word; his former wife. In cross-examination of the witness appellant had sought to show that the witness was taking an active interest in the prosecution, and was, therefore, calculated to be biased in his testimony. And under such circumstances if the proceedings took place, as contended in the bystander's bill, it would present no reversible error. However, we will add here that in addition to this bystander's bill, appellant, in the record, filed the stenographer's report, and in it appears the following: "State: Isn't it because you are interested in this case is that this same negro shot you four times after he shot Mattie Word? Witness: A. 'Yes.' Defendant: We ask the court to instruct the jury not to consider either the question or the answer. Court: Yes, the jury will not consider either the question or the answer just put and answered by the witness." It is thus seen that the question and answer were properly excluded at the time, and if the court did make the remark, and yet when appellant's counsel requested the exclusion of the question and answer, promptly instructed the jury not to consider either, no error is shown.

After a careful consideration of each and every question presented by the record, we are of the opinion there is nothing presented that would justify a reversal of the case.

The judgment is affirmed.                                        *Affirmed.*