ARTHUR RODRIGUEZ, ALIAS, v. THE STATE.

No. 10231.    Delivered June 23, 1926.

### 1.—Burglary—Bill of Exception—Incomplete—No Error Presented.

Where, on a trial for burglary, appellant complains of the court's refusal to permit him to continue his cross-examination of a state's witness, and his bill of exception wholly fails to show what the appellant expected to prove by such witness, we are unable to determine from such bill whether there was error in the ruling of the court, and will have to assume that the court correctly refused to permit said proffered testimony, in the absence of a showing to the contrary. Following Hennington v. State, 101 Tex. Crim. Rep. 439, and Thompson v. State, 234 S. W. 401.

### 2.—Same—New Trial—Properly Refused.

Where appellant moved for a new trial to secure expert witnesses on a comparison of his signature, and that on a pawn ticket introduced by the state, and it appears that such witnesses were present on the trial

and were not introduced by appellant, a new trial was properly refused. The ʻevidence being ample to sustain the conviction, the judgment is affirmed.

Appeal from the Criminal District Court of Tarrant County. Tried below before the Hon. Geo. E. Hosey, Judge.

Appeal from a conviction of burglary, penalty five years in the penitentiary.

The opinion states the case.

*Lindsley M. Brown* of Fort Worth, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the Criminal District Court of Tarrant County for burglary, and his punishment assessed at five years in the penitentiary.

There is only one bill of exception in the record, and no objections to the court's charge. The only questions upon which the appellant seems to rely for a reversal are the insufficiency of the testimony and the refusal of the court to grant a new trial in order that appellant might introduce expert evidence bearing on the alleged signature of the appellant to the pawn ticket introduced in evidence by the state.

The bill of exception complains of the court's refusal to permit the appellant to interrogate the state's witness, Klar, and to pursue the course of his examination of said witness as to the transactions with appellant in witness' place of business. This bill wholly fails to show what the appellant expected to prove by the witness, and for that reason this court is unable to determine whether there was any error in the ruling of the court thereon, and will have to assume that the court correctly refused to permit said proffered testimony, in the absence of a showing to the contrary. Hennington v. State, 101 Tex. Crim. Rep. 12; Kitchen v. State, 101 Tex. Crim. Rep. 439; Thompson v. State, 234 S. W. 401.

The record discloses that the residence of Robert Caraway was forcibly entered on the 6th of August, 1925, at about 4:15 a. m.; that the wife of the prosecuting witness, upon being awakened, turned on the light, whereupon the burglar ran out through the door, and was pursued by the prosecuting witness, Caraway, for some distance. Said prosecuting witness testified that he discovered that the burglar could not, or did not, run

very rapidly, and that he could easily have caught him had he desired to do so, but that upon getting close to the burglar he decided it would be best not to attempt to overtake or interfere with him. Upon returning to his residence he discovered that his trousers, watch and about three or four dollars in change had been taken, and the next morning discovered the trousers a short distance from his residence. The prosecuting witness and his wife both described the burglar as being stout and stocky in appearance, but not being able to see his face, they were unable to tell his color. The burglary was immediately reported to the proper authorities in the city of Fort Worth, and it appears that on the following day the appellant pawned the prosecuting witness' watch with the state's witness, Klar, which watch was located by the city detectives and immediately identified by the witness, Caraway, as his property. The state's witness, Klar, identified the appellant as being the party who pawned the watch in question to him. The appellant defended upon the ground of an alibi, and testified in his own behalf that on said date he was at Mertens, Texas, and not in the city of Fort Worth or at the place of the burglary. He also introduced other evidence tending to support his defense. Upon cross-examination he admitted that he was of short stature, stoutly built, could not run fast, and was somewhat crippled. He also admitted that he was well acquainted with the witness, Klar, and had transacted business with him prior to the time of the alleged pawning of the watch. After a careful examination of this testimony we are of the opinion that the evidence introduced by the state was sufficient to warrant the jury in finding the appellant guilty of burglary as charged. Morgan v. State, 25 Tex. Crim. App. 513; Nightengale v. State, 50 Tex. Crim. Rep. 3; Roberts v. State, 60 Tex. Crim. Rep. 20; Renois v. State, 90 Tex. Crim. Rep. 202.

The appellant's motion for a new trial, on account of the want of expert testimony to show that the signature alleged to have been made by the appellant on the pawn ticket and his signature as written while upon the witness stand were different, fails to show any error in the court's action thereon, for the reason that the record discloses that said expert witnesses were in court during the trial at the request of appellant's counsel and no reasonable excuse is shown for the failure to ascertain what their testimony would be, or the failure to use them if desired before the trial closed.

After a careful examination of the entire record, we are of

the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.