DONALD E. COVIN V. THE STATE.

No. 17944.   Delivered March 25, 1936.
Rehearing Denied April 29, 1936.

The opinion states the case.

*Shead & Smith* and *Paul E. Parkins,* all of Longview, for appellant.

*Claude A. Williams,* Criminal District Attorney, of Long-

view, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, death.

On the morning of April 11, 1935, appellant shot and killed Emma Sage, as she was eating her breakfast in a cafe in Gladewater, Texas. Appellant had been acquainted with deceased for some time and had frequently gone to the cafe where she was employed for the purpose of seeing her. Two or three days prior to the homicide deceased had asked him to leave the restaurant, saying that she had to work.

Appellant did not testify, but introduced witnesses whose testimony raised the issue of insanity.

The main question presented for review grows out of the action of the trial court in refusing to grant a new trial upon an allegation that appellant had been examined by an alienist, who would testify that in his opinion appellant was insane. The affidavit of said alienist was to the effect that appellant was suffering from a type of insanity produced by syphilis. It was also stated in the affidavit that appellant had grandiose delusions of personal wealth; that he stated to the witness while he was examining him that he had a large amount of money in the bank. Further, the affidavit described the symptoms which led the witness to believe that the insanity from which appellant was suffering had resulted from syphilis. After appellant had procured said affidavit, it was determined by making proper tests that the disease had been arrested long prior to the time appellant shot deceased. In other words, the tests were negative. The alienist made another affidavit which the State introduced in evidence, and which was to the effect that, notwithstanding it was shown the disease had been arrested, he was still of the opinion that appellant was insane. On the trial the State introduced two alienists from the state asylum for the insane at Terrell. They testified that they had examined appellant and that, in their opinion, he was sane. They testified further that one suffering from insanity resulting from syphilis had grandiose delusions of personal wealth, etc. Again, they testified that appellant showed none of the symptoms of insanity resulting from syphilis. His conversation was normal and connected and his memory was good. Other witnesses for the State testified that in their opinion appellant was sane. Appellant's conduct, as disclosed by the affidavit of the alienist who would have testified that he was

insane, followed closely the conduct ascribed by the State's alienists to persons suffering from insanity produced by syphilis. Appellant had heard said witnesses testify. In short, the record warrants the conclusion that appellant simulated insanity at the time he was being examined by the newly discovered witness. Under all of the circumstances reflected by the record, we think the trial court was warranted in concluding that the proposed new testimony would not likely change the result if a new trial should be granted. See Skotnik v. State, 43 S. W. (2d) 602.

The indictment contained averments to the effect that appellant had been previously convicted of the offense of murder. It appears that appellant had been released from the penitentiary under a conditional pardon which was thereafter revoked when it was made known to the Governor that he had been charged with the present offense. It is appellant's contention that the State was not warranted in using the former conviction to enhance the penalty. This court has held that a conditional pardon does not wipe out and obliterate the legal consequences of a felony conviction. Warren v. State, 74 S. W. (2d) 1006.

Appellant brings forward several bills of exception in which he complains of the action of the court in permitting the State to prove what deceased said to appellant upon various occasions shortly before the homicide. For example, about four days prior to the homicide deceased asked appellant to leave the restaurant. It is appellant's contention that said testimony was hearsay. We are unable to agree with him. The statements were made by deceased to appellant.

In the count of the indictment charging the prior conviction it was alleged, in substance, that appellant had been convicted of the offense of murder to which "the penalty of death was and is affixed as an alternate punishment." Appellant moved to quash said count on the ground that it was improper to allege that the statute fixed death as an alternate punishment for murder. In the case of Palmer v. State, 81 S. W. (2d) 76, a similar contention was made and was by this court overruled.

During the progress of the trial appellant's counsel asked the court for a postponement on the ground that he had just learned that appellant had been examined by alienists from the state hospital for the insane at Terrell. He stated that he did not know that such examination had been made until said witnesses had taken the stand and testified. He sought a post-

ponement until he could procure an alienist to make an examination of appellant. A similar situation was presented in Cernoch v. State, 81 S. W. (2d) 520. In that case a postponement was sought after the trial had started, for the purpose of procuring an alienist to examine Cernoch. In disposing of the contention that the case should have been postponed, we said: "We know of no case holding that, under the circumstances disclosed by the record, it would be error for the trial judge to refuse to stop the trial and order a postponement or continuance. We are constrained to hold that the bill of exception fails to reflect error."

A careful examination of the record leads us to the conclusion that error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have carefully examined the motion for rehearing by the appellant, and the able brief filed by his counsel in support thereof. It is true that in some cases we have been inclined to look with a somewhat greater degree of leniency upon grounds set up in motions for new trial on behalf of persons who rely upon the fact of insanity as a defense, but any extension of the rule in such cases could in fairness only apply when the newly discovered evidence desired, and upon which a new trial was sought, was some matter,— knowledge of which would appear to have been obtainable only from the accused,—it being reasonable that if he was insane he could not have communicated matters pertaining to his defense to his attorney as would have been the case had he been sane. When, however, the matter relied upon has reference to alleged newly discovered testimony of an expert, or a so-called alienist whose testimony is desired, and who has been discovered since the trial, and whose testimony the attorney for the accused seems desirous to have passed upon by the jury and not by the court,—there seems no need for attempted application of the rule referred to.

If this court should ever lay down a rule that the accused was entitled to a rehearing or a new trial of his case in order that each newly discovered alienist or expert might have the

weight of his testimony passed upon by a jury, it is quite evident that we would speedily reach a condition in our practice that one new trial after another might be demanded because of the discovery of this new alienist or the other, and, we might add, one after the other. We have no desire and have never intended to lay down such a rule.

We think the testimony pro and con submitted to the jury amply sufficient to enable them to properly decide the question of whether the accused was of unsound mind, and that this having been decided by them adversely to the appellant, the trial court correctly refused a new trial.

Being of opinion the case was properly decided, the motion for rehearing is overruled.

*Overruled.*