JOE PEREZ v. THE STATE.

No. 22533. Delivered June 2, 1943.
Rehearing Denied June 25, 1943.

The opinion states the case.

*Baldwin & Jernigan,* of Beaumont, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of an aggravated assault and his punishment was assessed at confinement in the county jail for a period of 180 days and a fine of $100.00, from which judgment he prosecutes this appeal.

The only question presented for review relates to the court's action in failing to instruct the jury on the issue of temporary insanity produced by the voluntary recent use of ardent spirits, and in declining to give appellant's special requested instruction on the subject. If there is sufficient evidence, although feeble,

to raise the issue, then the court should have instructed the jury on the law relating thereto. In order to determine this question, we have examined the statement of facts accompanying the record, and it appears therefrom that appellant did not testify or offer any affirmative defense. The only witness introduced who testified in his behalf was his wife, who testified that he was addicted to the use of intoxicating liquor; that about 2:00 P. M., on the afternoon of the day in question. he came into the cafe drunk; that while there he drank more bottles of beer and they (meaning she and appellant) had a little argument, whereupon he left the cafe and said he was going to the picture show; that when she next heard from him he had been arrested. On re-cross examination by the State, she testified that his drinking had the effect of interfering with his ability to tell the right from wrong; that she thought his mentality was affected by his drinking.

We believe that the testimony raises the issue; and ordinarily a defendant is entitled to an affirmative instruction on every issue raised by the evidence, whether the same be produced by the State or the defendant, and whether it be strong or weak, unimpeached or contradicted. See Matterson v. State, 152 S. W. (2d) 352, and authorities there cited. But, in this case appellant was charged with a misdemeanor. In such a case it is ordinarily required not only to object to the court's charge pointing out the omission, but to present a correct charge on the subject.

In the instant case, appellant objected to the court's charge and distinctly pointed out the omission therein. He also requested the court to give his special instruction on the subject, which was in substance that temporary insanity produced by the voluntary recent use of ardent spirits was not an excuse for the commission of an offense but the same should be considered by the jury in mitigation of the punishment. In applying the law to the facts, the court was requested to charge the jury as follows: "Now, if you believe from the evidence that the defendant, Joe Perez, at the time of the commission of the offense for which he is on trial, if you find from the evidence beyond a reasonable doubt that he is guilty of such offense, was laboring under temporary insanity as above defined, produced by the voluntary recent use of ardent spirits, you will take such temporary insanity into consideration in mitigation of the penalty which you will attach to his offense, if any."

It will be noted that appellant in his requested charge used the words "should" and "will," whereas the statute on the

subject contains the word "may." The word "should" is the past tense of "shall" and the word "will" is an auxiliary verb, and in the sense in which it is employed here denotes a command, while the statute leaves it optional with the jury as to whether or not they will take into consideration temporary insanity produced by the voluntary recent use of ardent spirits in mitigating the punishment to be assessed. The requested charge is deemed to be on the weight of the evidence, and the trial court did not err in declining to submit the same to the jury.

In trial of misdemeanor cases it may be profitable to the attorney representing the accused to observe the rule announced by this court in the following cases: Wills v. State, 77 S. W. (2d) 875; Jones v State, 20 S. W. (2d) 1067; and Sparks v. State, 5 S. W. 135.

From what we have herein said, it follows that the judgment of the trial court should be affirmed, and it is so ordered:

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant insists that we were in error in our original opinion herein, in which we held that the requested charge relative to temporary insanity was improperly framed and did not state the law as laid down in Art. 36, Penal Code. We still think the requested charge to have been an incorrect presentation of the law, and to have been upon the weight of the evidence, when taken in conjunction with Art. 36, P. C.

The writer is impressed with the fact that the testimony relative to temporary insanity is very meager indeed, and barely, if at all, calls for an instruction thereon. The only testimony relative thereto comes from appellant's wife, and is as follows: "I think this drinking on my husband's part has had the effect of interfering with his ability to tell right from wrong; he never gets in any trouble unless he is drinking like that. I think he is mentally affected only when he is drinking like that, he gets like that in trouble and they pick him up. He has never been treated for it. You know different customers will come in and ask him to have a drink and he takes a drink and the next thing I know he is feeling pretty good and then

we get in little arguments sometimes and we don't get along on account of that reason."

This is all the testimony as to any mental affliction from which appellant might have been suffering. The writer is impressed with the fact that he was merely drinking too much, like any other drunkard, and disposed to be quarrelsome while drinking; that his judgment was muddled by the effects of alcohol, and that he and his wife had differences while he was in such condition.

But suffice it to say, the instruction presented to the trial court relative to temporary insanity was an incorrect statement of the law, and our original opinion herein thereon meets the sanction of this court.

The motion is therefore overruled.