## A. C. FIELDEN V. STATE.

No. 24125. November 17, 1948.
Rehearing Denied January 12, 1949.

Hon. Otis T. Dunagan, Judge Presiding.

*Smith & Porter,* and *Anglin & Jones,* all of Longview, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the offense of burglary of a house and his punishment assessed at a penalty of two years in the penitentiary, and he appeals.

Complaint is made of the sufficiency of the facts to show a breaking into the house alleged to have been burglarized, the case being one of circumstantial evidence. To this we do not agree.

Mr. Marshall, the owner of the house, testified, among other things, as follows:

"On or about the 8th of April, 1947, we had a tool house, about 10 x 12 at our place which was broken into, some time in the night of April 8th, and a 150-amp Mid-State welder and outboard motor, Evinrude, for a boat, was taken. Those items were in the tool house, locked, and there was a set of silverware taken from the trunk in there, locked. * * * There are double doors to this tool house, approximately eight feet wide, the two of them. I kept them locked. * * * It must have been about one in the afternoon on the 9th of April when I discovered this tool house had been entered. I got some express, went to put it in there, noticed the lock gone and when I looked in, noticed the outboard motor and welder missing, trunk broken in and looked in there and silverware gone. I did not find the lock to the outside door but the lock to the trunk was laying on the floor. * * * I know these items were in the tool house prior to the time it was broken into. I always check the doors when I shut down, which is the reason I am sure the doors were locked on the night of April 8, 1947."

We think the proof satisfactorily shows the house to have been locked prior to having been broken into. It was further

shown that appellant was found in possession the next day of the welder, the market value of which was shown to have been $225.00; that he sold the same at Terrell for $100.00. He was also shown to have been in possession of the boat motor of the value of $150.00, which appellant sold for $50.00. The set of silverware was brought to the officers by appellant's wife. It was afterwards shown that all these things were recovered, and the $150.00 received by appellant therefor was refunded by appellant's brother to the parties who had made the purchases.

Appellant offers but one bill of exceptions taken during the trial hereof, and that relates to the sufficiency of the evidence. This cause was submitted to the jury upon the law of circumstantial evidence, and the State could only show the possession of recently stolen property and no explanation thereof, which possession was personal, recent and unexplained, and a conscious assertion of property by appellant. See Branch's Ann. Tex. P. C., p. 1332, sec. 2463, and cases there cited.

We find a further bill of exceptions in the record wherein it is shown that in his motion for a new trial, appellant alleged certain misconduct of the jury, such allegations being based upon surmise and not supported by any affidavit relative thereto. It is true that appellant swore to his motion for a new trial upon information and belief, but such general affidavit is not sufficient to authorize an expedition into the jury's deliberations, it being plain that appellant knew nothing relative thereto. See Toms v. State, 150 Tex. Cr. R. 264, 200 S. W. (2d) 174. The allegations relative to such misconduct not being supported by any probable cause, the trial court heard the jurors offered and then refused to consider their testimony on the ground that same was an effort to allow the jury to impeach their own verdict. This action of the court is the basis of Bill No. 2. We think the trial court was correct in refusing such testimony. See Calyon v. State, 76 Tex. Cr. R. 83, 174 S. W. 591; Word v. State, 78 Tex. Cr. R. 40, 179 S. W. 1175; Vyvial v. State, 111 Tex. Cr. R. 111, 10 S. W. (2d) 83; Toms v. State, supra.

The State moved that the trial court strike out all allegations in the motion for a new trial relative to misconduct of the jury, which motion the court sustained and an exception was taken to such action. There should have been some support relative to the allegations of misconduct of the jury. None being present, we think the trial court's ruling was correct.

No error being presented by the record, the judgment will be affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant has filed his motion for rehearing which is presented in a well prepared brief and is based on the contention that the issue of misconduct by the jury should have been considered by the trial court, and that when considered a new trial should have been ordered.

We have again carefully considered all of the record in this case and we think the original opinion reaches the correct conclusion. While the trial court sustained a motion to strike the allegation which complained of jury misconduct from the motion for new trial, the evidence on the subject is brought forward in a bill of exception. We have carefully considered this and it appears that two jurors testified that Mr. Rountree, the foreman of the jury, had made some statement to the effect that if appellant had not entered the building alleged to have been burglarized he would have taken the stand to explain his possession of the stolen property. Mr. Rountree definitely denies making any statement which might have been so construed. All of the other jurors failed to hear such statement, and some of them denied that it was made. Given its most favorable construction, an issue of fact was presented to the court and his finding thereon would be binding on this Court. We do not wish to be understood, however, as receding in any degree from the position stated in the original opinion and we fully sustain the trial court in his refusal to hear the issue.

The motion for rehearing is overruled.