### BILLIE GEORGE McCUNE v. STATE.

No.25020. March14,1951.
Rehearing Denied June 13, 1951.

Hon. David McGee, Judge Presiding.

*George H. Trenary* and *Charles J. Murray,* Ft. Worth, for appellant.

*Stewart W. Hellman,* Criminal District Attorney, *W. H. Tolbert* and *John E. McLean,* Assistants Criminal District Attorney, Fort Worth, and *George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is rape by force; the punishment, death. After an evening of drinking and after being refused the privilege of taking one of the girls home, appellant by chance, it seems, observed the prosecutrix starting her car on a parking lot. Appellant first brutally beat prosecutrix, a married woman eighteen years his senior, then forced her on the back seat of her car and ravished her. At the time of the commission of the offense, appellant seems to have been supporting himself by that old and

well-known trade of purse snatching. He took the personal belongings of prosecutrix.

Fine police work soon apprehended appellant and wove a compelling case against him. Appellant confessed; such confession was effectually corroborated, and he admitted his guilt during the course of the trial. Two conscientious court-appointed attorneys capably presented appellant's defense of insanity and proof of his low mentality.

The court properly submitted the defense of insanity.

Bill of Exceptions No. 1 complains of the court's refusal to admit certain school records from the Waco Public Schools contained in what is denominated for the purpose of the Bill as Defendant's Exhibit No. 5. Nowhere in the record or in the bill is such an instrument to be found. For this court to pass upon a bill to the exclusion of evidence, it must have before it, in the bill, the excluded evidence. Otherwise, there is nothing for this court to pass upon, and the bill does not reflect error. Rodriquez v. State, 104 Tex. Cr. R. 572, 286 S. W. 226.

The witness, Marie Riddle, according to this bill, testified at length from the exhibit. If the exhibit itself contained matters other than as shown by the testimony of the witness and which were subject to the objection made by the state, the court properly excluded the exhibit.

On the other hand, if we are to assume that the exhibit contained only the facts testified to by the witness, then we cannot agree with the conclusion of the trial judge that their admission would have materially altered the verdict. So construing said bill, we are in a position to pass on the question of whether the introduction of such exhibit would have materially altered the verdict and are not bound by the trial court's conclusion. We say this especially in view of the record which shows an adjudication of appellant's feeblemindedness subsequent to the dates covered by the exhibit.

Bill of Exceptions No. 2 complains of the court's failure to submit a requested charge to the effect that evidence of feeblemindedness should be considered by the jury in mitigation of the penalty. The charge as requested was not a proper statement of the law, but was a charge on the weight of the evi-

dence and, therefore, should not have been given. **Perez** v. State, 146 Tex. Cr. R. 241, 172 S. W. 2d 314.

Bills of Exception Nos. 3, 4 and 6 complain of jury misconduct, either as to separation or conversations with unauthorized persons. In connection with those bills dealing with telephone conversations by the jurors, it is to be noted that a hearing was had on the motion for new trial, and all parties, both the jurors and those to whom they talked, testified that there had been no discussion of the case. Appellant in his brief complains that neither the long-distance operators, who took the calls nor the individual in Mr. Grace's office who first took the juror's call and then called Mr. Grace to the telephone, had testified on the motion for new trial.

No actual injury is shown, but appellant contends that injury should be presumed. This is not available to him, since his attorneys gave the officers in charge of the jury their consent for such telephone calls to be made. If actual injury or misconduct had been established, this consent would not have prevented them from showing it, but it certainly should prevent them from claiming a presumption of injury.

It is contended in connection with those bills dealing with the conversations with unauthorized persons that it would be impossible for the state to rebut the presumption of injury which arose once a conversation was shown to have taken place. Appellant seems to agree with the rule that a presumption of injury arises when the defendant merely shows that a member of the jury spoke to an unauthorized person, but he says in effect that this presumption cannot be rebutted, and we should not believe the juror or his wife when they testify as they did that they talked about family affairs and not about the case. His reasoning seems to be that both the juror and his wife would always be in fear of being held in contempt of court, and therefore would not tell the truth about their conversation.

This court could not base its decisions upon such reasoning. We feel that the state fully discharged its duty in rebutting the presumption, if any, which arose out of the acts complained of in Bills of Exception Nos. 3, 4 and 6.

Bill of Exceptions No. 5 fails to show a communication with any member of the jury. At most, it shows that a woman was seen standing at the door of the jury room. This reflects no error.

Bill of Exceptions No. 7 complains of the court's failure to grant a new trial on account of newly discovered evidence. It contains affidavit of appellant's two court-appointed attorneys showing the diligence exercised by them in the preparation of their client's defense. Following this necessary predicate, they set forth affidavits of laymen who had known appellant prior to the rape and that of a doctor who had examined him following the trial.

The only serious question presented is whether a new trial should have been granted so that another jury might hear the testimony of Dr. Grice, a specialist in nervous diseases, who examined appellant after his conviction. His testimony appears in the record in the form of an affidavit wherein he states that in his opinion appellant was of unsound mind on the date of the offense and the date of trial. Nowhere therein does he state that in his opinion appellant was legally insane; that is, that he did not know the difference between the right and wrong, or that he did not understand the nature and consequences of the act charged against him. These are the tests accepted to determine accountability under the criminal law.

In the state's controverting answer to the motion for new trial, we find affidavits from Dr. McCollum, a general practitioner, and Dr. Powell, a psychiatrist, both of whom examined appellant prior to the trial. Each stated that in his opinion appellant knew the difference between right and wrong and that he understood the nature and consequences of his act.

We are called upon to determine whether the trial court, who had heard the appellant testify, had heard doctors and laymen during the course of the trial testify on the question of whether the appellant knew right from wrong and had these affidavits before him, abused his discretion in failing to grant a new trial. We are not prepared to hold that he did.

Judge Lattimore in Covin v. State, 130 Tex. Cr. R. 285, 93 S. W. 2d 428, said in effect that a halt must be called somewhere and that a new trial cannot be granted every time an alienist is discovered who will testify that appellant is insane.

Again we commend the attorneys for capably and conscientiously representing their court-appointed client.

Finding no reversible error, the judgment of the trial court is affirmed.

ON MOTION FOR REHEARING.

WOODLEY. Judge.

It is contended that we were in error in overruling appellant's Bill of Exceptions No. 4. This bill relates to the claim of jury misconduct in that a juror engaged in long distance telephone conversations with unauthorized persons without the permission of the court. It is argued that the consent of appellant's attorneys was limited to telephone calls by the jurors to their wives.

We observe that the motion for new trial, wherein jury misconduct was alleged, was sworn to by appellant and his counsel "to the best of their knowledge and belief," and the allegations as to jury misconduct were not otherwise supported by affidavit of any person in position to know the facts with reference thereto. Under these facts, the pleading was insufficient to require the court to hear evidence in support of the claim of jury misconduct. See Toms v. State, 150 Tex. Cr. R. 264, 200 S.W. 2d 174; Fielden v. State, 152 Tex. Cr. R. 597, 216 S.W. 2d 198.

It follows that the trial court did not err in overruling the motion for new trial for the insufficiency of the allegations as well as for failure of the proof.

Regarding Bill of Exceptions No. 2 and our disposition thereof, it is suggested that though the requested charge was incorrect, and therefore properly refused, it was sufficient to call attention to the omission from the charge of a correct instruction on the subject of feeble-mindedness short of legal insanity.

The charge as given contained a proper instruction to the effect that mere weakness of mind is no defense to crime provided the party accused has sufficient reason to know the nature and quality of the act charged against him, and knew the difference between the right and wrong thereof.

We have been cited to no decision requiring or permitting the trial judge to instruct the jury in his charge that they might consider feeble-mindedness of the accused in mitigation of the punishment to be assessed in the event of conviction. Not constituting any element of a defensive issue, the trial court did not err in refusing to further charge on the subject.

In Cross v. State, 101 S.W. 213, it was held that the trial

court is not required to charge the jury upon mere weakness of mind, or that a party was one easily persuaded to do things that were wrong.

We see no inconsistency in the trial court's ruling permitting the introduction of evidence showing appellant's retarded and subnormal mental condition, and in declining to instruct the jury as to their use of such evidence in fixing the punishment to be assessed in the event of conviction. As to an affirmative defense, the trial court is required to charge the law and apply it to the evidence, while the punishment is for the jury's determination from all the evidence.

Other contentions that have been ably re-urged by counsel for appellant have again received our attention, and we remain convinced that the case was properly disposed of on original submission.

We again express our appreciation for the able and conscientious efforts of court-appointed counsel in presenting the question on this appeal from the standpoint of their client.

As to the evidence said to be now available and discovered after the trial, we cannot agree that the trial court abused his discretion in refusing to grant a new trial.

The issue of insanity after conviction is not foreclosed against appellant and it may be that his newly discovered witnesses may be offered by him if that issue should be hereafter raised.

Appellant's motion for rehearing is overruled.

Opinion approved by the court.