J. C. BURRIS v. STATE

No. 27,218. December 15, 1954
Rehearing Denied February 16, 1955

Second Motion for Rehearing Denied
(Without Written Opinion) March 16, 1955

Murder With Malice. Appeal from the district court of San Patricio County; penalty, confinement in the penitentiary for life.

Hon. W. G. Gayle, Judge Presiding.

*Roy A. Scott, Scott & Fagan,* Corpus Christi, and *Harry S. Pollard,* Austin, for appellant.

*John H. Miller,* District Attorney, Sinton, and *Wesley Dice,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant was charged with having killed W. F. Edwards by shooting him with a gun on or about the 13th day of July, 1953, and upon his trial therefor he was assessed a penalty of life in the state penitentiary.

This cause went to trial on March 15, 1954.

The evidence shows that appellant was the proprietor of a hardware store and filling station called the Solo Serve Station in the town of Taft in San Patricio County; that the deceased was a man approximately 40 years of age and was the chief of police of the town of Taft; that as such officer he had at one time attempted to arrest the appellant for some infraction of the law and they had had a difficulty during which the deceased

pointed his pistol at the appellant. This was finally settled but left some evidence of unfriendliness between the two parties. On the night of the killing, which occurred after dark, a storm had put the street light of Taft out of commission, and the deceased had requested some of the places of business to keep their lights burning during the night. The testimony shows that the deceased, while riding on his motorcycle, approached the filling station wherein the appellant was seated and was immediately rebuffed by the appellant who ordered him to get away from there, or to use the words of the witness, "Get the hell out of here." About that time appellant produced a pistol and fired four shots therefrom, all of them striking the deceased. One shot went through the chest, another hit him just back of the right armpit, another hit him in the back of the head, and the fourth shot struck him in the right hand. Three of the shots were doubtless fatal, and the deceased died therefrom within a few minutes.

Appellant took the witness stand and in his testimony recited certain actions of the deceased which indicated previous ill-will towards him, and claimed that at the time the deceased approached him on the night of the killing he (deceased) made an effort to pull his pistol and placed his hand upon it but never got it out of the scabbard. It is worthy of note herein that all the witnesses who saw the body of the deceased soon after the shooting testified that the pistol was still in the scabbard with some kind of a fastener over the handle of it.

The appellant's plea of self-defense was offered before the jury and rejected by them.

This appeal is based on certain bills of exception.

Bill No. 1 reflects that after the state had introduced all of its direct evidence and rested, the following proceedings were had: Troy Bone, was a witness for the state, but upon his cross-examination by the defendant, was asked if he knew that the deceased had killed a man in Brownsville, Texas, to which question the said witness answered as follows: "By hearsay, yes, sir." He was then asked the further question:

"Did you consider, in making your answer to that question that while he was on the Police Force in Corpus Christi that he was with a man's wife and her husband took a shot at him?"

This question was objected to as an improper one, and the court turned to the defendant's attorney and said:

"I have instructed you heretofore about that question and I am going to levy a fine of $25.00 against you for disobeying the instructions of the court."

The record shows that the appellant's attorney took no exception thereto but merely stated, "I will pay the fine."

Soon thereafter appellant's attorney moved the court to declare a mistrial of this cause on account of the facts above set forth, appellant contending that the action of the court in thus finding him was highly prejudicial to the rights of his client, and if the court desired to hold counsel in contempt for violating the ruling of the court, the jury should have been retired and such reprimand should have taken place outside of their hearing and presence.

This motion to declare a mistrial was overruled by the court, but the bill is qualified by the full proceedings relative to this occurrence and shows that previous thereto this matter was gone into outside of the presence of the jury and the court refused to allow the asking of such question because he did not think that an affair with a woman would have any bearing on the dangerous character of the deceased at the time of this fatal difficulty. The court at such time instructed counsel not to ask any questions that would require the witness to answer concerning this supposed escapade; that counsel, in disobedience to that order and ruling of the court, in the presence of the jury, subsequently violated the same by asking such question of the witness. Whereupon the court found that counsel was in contempt of court by asking such question, and a fine of $25.00 was levied against counsel. Counsel did not except to such action of the court, but merely stated that he would pay the fine. Upon further deliberation relative to this action upon the part of the court, the offending counsel moved the court to instruct the jury to disregard all matters with reference to the finding of counsel, and the state agreed to such request. However, upon mature thought, appellant's counsel suggested that the harm and prejudice occasioned to the defendant's rights could not be removed by an instruction and he, therefore, requested the court to withdraw his motion to instruct the jury to disregard this action and stated that he would except in advance to the action of the court in giving the jury any instruction relative thereto. The jury was then brought into court and the court stated to them as follows:

"Gentlemen of the jury, the action of the Court in holding

the defendant's attorney in contempt and levying a fine against him—you are at this time instructed to disregard such action and not to consider it for any purpose whatever."

Though it would have been the better practice to reprimand counsel and impose the fine in the absence of the jury, we think the court was correct in saying that the hearsay evidence about the deceased having been shot at by another person because he was with such person's wife was correctly ruled by the court to have no bearing upon the character of the deceased for being a dangerous and violent man. Under the facts herein shown, we think the trial court was correct in attempting to enforce his orders and rulings during the trial. See 42 Texas Jur., p. 183, sec. 142.

Formal Bill of Exception No. 2 contains a many-page history of the progress of the trial of this case after the jury had returned its verdict and seems to be an effort to excuse the appellant for not having signed and sworn to his motion for new trial which was filed on April 16, 1954.

The appellant was represented in the trial of this case by the Honorable John J. Pichinson, the cause being tried on March 17, 1954. However, the Honorable Roy A. Scott appears as attorney for the appellant on this appeal. A motion is present herein on the part of the state to strike the statement of facts and bills of exception from the record, it appearing from such instruments that they have not been signed by the attorneys for the state.

Bill No. 2 was an effort upon the part of the appellant's attorneys to belatedly sign his motion for new trial and swear to the contents of said first amended motion for new trial. This matter was denied by the trial court as shown by the bill, and we find ourselves confronted with a motion upon the part of the state to strike the statement of facts and also the bills of exception. It is shown by the statement of facts that this cause was tried and the verdict of the jury filed on March 19, 1954. A motion for new trial was filed by appellant's then attorneys, Pichinson & Utter, on the same day on which the verdict was returned, but such motion was not sworn to by the appellant. An amended motion for new trial was filed on April 16, 1954, by the Honorable Roy A. Scott, and the same was not signed nor sworn to by the appellant. An amended motion, in addition to the first amended motion, was filed on May 5, 1954, and the same was signed by the appellant and sworn to by him. How-

ever, this was some 46 days after the verdict of the jury was rendered. On May 5, 1954, the issue was joined relative to this motion for new trial and the matter was gone into in the presence of the court. However, the testimony produced on the hearing of such motion for new trial was reduced to writing by the court reporter and the same appears in the record. Such statement of facts is not signed by the attorneys for the state although the same has been approved by the district judge who tried the case.

This record reflects that appellant's counsel did not secure leave of the court to file his first amended motion for new trial which was filed more than twenty days after the verdict of the jury. Appellant's counsel offers as his excuse therefor that the appellant had been moved from the county jail in San Patricio County on April 16, 1954, and was in jail in Refugio County, but the fact still remains that no one swore to the first amended motion for new trial which was filed more than twenty days after the verdict and without leave of the court. Such amended motion for new trial was clearly an amendment to the first amended motion for new trial and was not authorized. Upon the hearing thereof the court refused to permit appellant's counsel to amend his first amended motion for new trial on May 5, 1954. See Article 755, Vernon's C.C.P., which provides that such motion "shall be determined by the court within twenty (20) days after the filing of the original or amended motion."

This disposes of the only two formal bills of exception present in the record.

There are many informal bills of exception, none of which are presented to us in the brief and none of which seem to us to evidence any error.

There are many requested charges, the major portion of them being incorporated in the court's own language in his charge to the jury. In our opinion, the court correctly applied the law to the facts presented in this case and gave to the appellant in such charge every right to which he was entitled under the law.

In the motion for new trial herein appellant finally offers the proposition of the misconduct of the jury in that they heard other and further evidence while deliberating upon their verdict in this case. On the hearing of the motion there were twenty-eight affidavits presented in court. All eleven of the

twelve jurors testified by affidavit, and some of them filed two affidavits relative to the matter inquired about. It was shown that the jurors all voted for the guilt of the appellant, and that the only question upon which they further deliberated was as to the amount of the punishment to be assessed. There were some of the jurors who were in favor of the death penalty and two or three of them were for fifty years in the penitentiary, but all of them seem to have unanimously agreed that the defendant should be put out of society for the remainder of his life. Eventually the question arose during their deliberation as to whether or not the defendant would be eligible for a parole and what would be the effect of the verdict of life in the state penitentiary. This was discussed at length by some of the jurors but all of them seem to be without knowledge of this matter. It was finally dropped by them in their discussion, and those who were for a lesser penalty finally came up for a life punishment, and those who were for a greater penalty finally agreed to a life penalty. When they returned their verdict into open court, they were polled by the court and asked if such was their verdict, and each of them said that it was.

We are favored with a brief which emphasizes the question of the alleged error on the part of the jury in that while deliberating upon the verdict they heard evidence other than that which was adduced upon the trial. It is noted from the statement of facts that on the hearing of the motion for new trial there was no affidavit of any kind attached thereto relative to any misconduct of the jury but, as frequently denominated by the trial court, it seems that a "fishing expedition" was engaged in for the purpose of developing misconduct, if such there could be found.

It is also noted that appellant placed two of the jurors upon the witness stand in an effort to evidence misconduct upon their part. Their testimony but confirms the statement above made as to their attitude while deliberating; that all of them unanimously agreed that the defendant should be put out of society for the balance of his life, and that their decision eventually resulted in the life penalty found herein. His eligibility for parole was discussed among them, but seems to have had no effect nor answer upon their part and was finally abandoned.

After the defendant had rested in this matter, the state placed all of the remaining jurors, except one, upon the witness stand, and we also find in the statement of facts many affidavits, some of the jurors having filed two affidavits, but all of them

bearing practically the same ideas set forth therein, and they being in consonance with the statement made above in this opinion as to how they arrived at their verdict.

This same question has recently been passed upon by this court in the opinion on motion for rehearing in Cause No. 26,986, Agnes Watson v. State, (page 5, this volume), 273 S.W. 2d 879.

We are of the opinion that there was no error shown in the trial of this case nor in the overruling of the motion for new trial herein.

Under the circumstances, we think the judgment of the trial court should be affirmed, and it is so ordered.

### ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

Appellant takes this court severely to task for what he claims are discrepancies in our original opinion. We can conceive of no valid reason for discussing his criticisms because if we conceded that they were well-founded they would still have no effect upon the decision of this case.

That portion of our original opinion in which we discussed alleged jury misconduct was unnecessary because the motion for new trial, which alleged jury misconduct occurring within the jury room, was in general terms and was not supported by the affidavit of anyone, as required by our holding in Prince v. State, 153 Texas Cr. Rep. 320, 254 S.W. 2d 1006. See, also, McCune v. State, 156 Texas Cr. Rep. 207, 240 S.W. 2d 305, and Moore v. State, No. 27,297, 160 Texas Cr. Rep. 642.

We did not discuss appellant's Bill of Exception No. 12 which relates to a question propounded to the witness Pressley and which appellant contends was improper because it called for an opinion. The witness testified on direct examination for the state that the appellant had talked to him prior to the homicide and told him that a Mr. Cage and a Mr. Oliff were against him and had sicked "the law" on him. On cross-examination by appellant's counsel, the witness testified that the appellant by his conduct had brought all this trouble on himself and stated further that the appellant had told him that he (the appellant) was being "pushed around" by the entire community of Taft. The state

then took the witness on re-direct examination and asked him what the appellant had done to cause the community to dislike him. Appellant's objection to this question was overruled.

Clearly, since the appellant had gone into the matter of the attitude of the community toward the appellant, the state had the right on re-direct examination to pursue the question further.

Bills of Exception Nos. 12 and 14 relate to a question propounded to the witness Dr. Tunnell and his answer thereto. It is the appellant's contention that the witness was not qualified to answer the question because the witness, though admitted to be a qualified expert medical witness, was not a ballistic expert. The deceased was shot in the right hand. Appellant testified that deceased had his hand on his pistol at the time he shot him. The doctor was asked if, from his examination of the deceased's hand, he had found anything to indicate that the hand had been upon any solid object at the time the bullet entered it. He replied that it was his opinion that deceased's hand had had nothing in it because he found no bruises thereon. Though perhaps not strictly a medical question, we have concluded that the doctor, who appeared to be a cautious witness, felt that he was qualified to give an opinion, and we are in no position to hold that he was not.

Appellant complains that he was deprived of the presence of a witness Moreno at the hearing on his motion for new trial. In his motion he says that Moreno had testified falsely at his trial. Said motion was sworn to by the appellant alone and only to the best of his knowledge and belief. Nowhere in the motion is any showing made as to how the appellant knew that Moreno's testimony had been false. We merely find the blanket assertion that Moreno had not been present at the time and place about which he testified. There was nothing in the motion which told or intimated to the trial court how the appellant knew such fact, and no reasonable grounds were alleged to put the court on notice that such had occurred, and appellant's affidavit merely stated that to the best of his knowledge and belief such was true.

Appellant relies upon Lax v. State, 46 Texas Cr. Rep. 628, 79 S.W. 578. The distinction between the motion in that case and the motion in the case at bar is apparent. In the Lax case the attorneys learned of jury misconduct from the juror McKinney. They requested McKinney to make an affidavit of such

misconduct, and he refused. They then made an affidavit stating what the jury misconduct was and how they had learned of it.

To hold that a motion such as was before the court in this case was sufficient as a pleading to require the court to hear evidence thereon would authorize a fishing expedition in every case by the simple assertion in the motion for new trial that the state's witnesses had sworn falsely. We would not be inclined to so hold.

Remaining convinced that we properly decided this case originally, the appellant's motion for rehearing is overruled.

### ON APPELLANT'S MOTION FOR REHEARING

DAVIDSON, Judge, dissenting.

I cannot agree to the affirmance of this case, and respectfully enter my dissent.

There is no question but that a motion for a new trial alleging jury misconduct based upon the contention that the jury, during deliberations, received other and new evidence should be sworn to by the defendant and accompanied by the affidavit of some member of the jury attesting such misconduct. Authorities, including those cited by my brethren, so hold. Nor is there any challenge to the correctness of the rule that a trial court is not required to entertain a motion for a new trial that does not comply with the rule stated or to permit the introduction of evidence in support of the allegations of the motion. These rules, however, have been established by judicial interpretation. There is no statute that expressly so provides. Vowell v. State, 156 Texas Cr. R. 493, 244 S.W. 2d 214; Fielden v. State, 152 Texas Cr. R. 597, 216 S.W. 2d 198; Moore v. State, 155 Texas Cr. R. 147, 232 S.W. 2d 711.

In my opinion, the rules stated are neither applicable nor controlling here, for the trial court did not overrule appellant's motion for a new trial because of a non-compliance with the requirements stated but, to the contrary, permitted appellant to introduce testimony both by affidavit and the oral testimony of the jurors who tried the case.

The testimony so heard is before us as a part of the record in this case.

The motion for a new trial was overruled after the trial court heard the evidence adduced thereon. The order overruling the motion for a new trial so certifies.

No other interpretation may be given to the trial court's action than that he waived the necessity of a sworn motion and accompanying affidavits and elected to permit the introduction of testimony on the allegations of the motion as it was presented to him.

Because the motion for a new trial was not properly sworn to and accompanied by the supporting affidavit or affidavits of the jurors, my brethren refuse to consider the question of jury misconduct as alleged in the motion for new trial and upon which evidence was adduced, or to review the trial court's ruling thereon.

What my brethren hold, then, is that (a) a trial court is without power or authority to waive the requirements of a sworn motion and accompanying affidavits touching jury misconduct occurring in the jury room; (b) that when a trial court waives or attempts to waive such requirements, his action in so doing is not binding on this court; and (c) that this court will, itself, irrespective of the trial court's waiver and consideration of the motion, require the defendant to comply with the requirements of a sworn motion and accompanying affidavits in order to preserve for review of this court the question of jury misconduct occurring in the jury room.

I cannot subscribe to such a rule. To my mind, it is not only legally unsound but basically unfair.

In the first place, trial courts are clothed with certain inherent powers which are known as discretionary powers and are defined as "the option which a judge may exercise either to do or not to do that which is proposed to him that he shall do; choosing between the doing and not doing of a thing, the doing of which cannot be denounced as an absolute right of the party asking it to be done; the exercise of the right legally to determine between two or more courses of action." 27 Corpus Juris Secumdum, Discretion, p. 135; Koll v. State, 143 Texas Cr. 104, 157 S.W. 2d 377.

Under the definition stated, it is apparent that when the trial court in the instant case elected not to require appellant to comply strictly with the rules touching sworn pleading and

affidavits to a motion for new trial he was exercising his judicial discretion—that is, his "option . . . to do or not to do that which is proposed to him that he shall do," in other words, to entertain the motion as presented to him.

In the exercise of that discretion the trial court, here, waived strict compliance with the rules mentioned and his ruling was clearly an exercise of judicial discretion.

In reviewing acts involving the exercise of judicial discretion this court may go no further than to determine whether the trial court has abused that right. This court is primarily a court of review. We do not have the power to direct a trial court's ruling in discretionary matters or to say to a trial court that he cannot waive the requirements of sworn motion and accompanying affidavit to a motion for a new trial. Our review of a trial court's ruling upon questions in which he has a discretion is to determine if there has been an abuse of that discretion.

In its final analysis, then, what my brethren hold is this:

Although the trial court entertained and heard the motion for a new trial, permitted the introduction of evidence touching the fact issues presented by the motion, and rendered his decision upon the testimony so presented, this court will not review that ruling because the motion for new trial was not sworn to by the appellant and was not accompanied by an affidavit of a member of the jury supporting the ground of the motion. I cannot agree to such a holding.

It is my opinion that the trial court had the inherent power to waive the formalities of a sworn motion and accompanying affidavits and to hear and entertain the motion so presented. The right to so waive was a function entirely of the trial court.

I am of the further opinion that when a trial court waives such formalities, hears the motion and the evidence adduced, and renders judgment thereon, this court has no authority to go behind that order and say that the trial court was powerless to consider the motion for a new trial in the first instance.

In my opinion, this court is here restricted to a review of the correctness of the trial court's order in overruling the motion for a new trial in the light of the evidence adduced therein.

The evidence adduced upon the hearing of the motion for a new trial overwhelmingly shows that the jury, during their deliberations, received other, additional, and new evidence to appellant's injury and hurt in the penalty assessed against him, in violation of the provisions of Sec. 7 of Art. 753, C.C.P.

Under the mandatory provisions of the aforesaid statute, this judgment should be reversed and the cause remanded.