CLYDE CAUDLE V. STATE

No. 27,962. February 1, 1956.

440

*Harkness & Friedman,* by *Harry Friedman,* Texarkana, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge..

The offense is assault with intent to murder; the punishment, three and one-half years.

The appellant's former wife, the injured party, testified concerning their turbulent marital life which culminated in the attack which forms the basis for this prosecution. She stated that on the night in question she, at the suggestion of the appellant, took a sedative and retired, that the appellant came to bed, had an act of sexual intercourse with her, and that later in the night she awoke, found that the appellant had left and that she had been beaten about the head and face and was drenched in blood. She was carried to the hospital, where she remained for some time.

Their son Charles testified that his mother and father were preparing for bed when he came home on the night in question, that he retired and was awakened shortly after midnight, that his father had gone, and he found his mother in a badly injured condition.

Dr. Davis, the attending physician, described the skull fracture and the serious cuts and bruises which the injured party

sustained. He also stated that he treated the appellant in the afternoon of the same day when he was brought to the hospital in an unconscious condition which had been brought about by an overdose of barbiturates.

Deputy Sheriff Dale testified that he found the appellant in an unconscious condition in his automobile out in the woods on the afternoon after the attack upon the injured party and carried him to the hospital for treatment.

The appellant, testifying in his own behalf, recounted his tragic life of domestic unhappiness coupled with physical illness and the resulting mental strain. He stated that he had become addicted to the use of barbiturates, marijuana and morphine, in an effort to ease his physical pain and the mental suffering that resulted from his wife's unfaithfulness to him. He stated that his wife had told him during the act of sexual intercourse that she was in love with another man and intended to leave him. He stated that he did not remember assaulting his wife, but, when asked specifically about hitting her with the hammer, he answered, "I probably did. I was the only one there. I was under dope."

There were character witnesses for the appellant, and their testimony was rebutted by state's witnesses.

The court submitted the case to the jury upon the law of circumstantial evidence and under a charge on insanity. We find the evidence sufficient to support their verdict.

We shall discuss the bill of exception set forth by appellant's able attorneys in their carefully prepared brief.

Bill of Exception No. 1 complains of proof of what he describes as extraneous offenses. The injured party was asked if the appellant had ever threatened her, and she replied that he had on many occasions. She was then asked to describe such threats, and she replied that he had on occasion held a gun on her and the children. The appellant did not object specifically to that portion of the answer which related to the children but objected to all of the answer because it constituted proof of an extraneous offense. Clearly, any threats against the injured party were admissible under that rule of law which was reaffirmed as to murder cases by the passage of Article 1257a. Since no request was made to withdraw from the jury that portion of the

answer which related to the children, no error is reflected by the bills.

Bill of Exception No. 2 complains of the trial court's refusal to permit the propounding of a hypothetical question to Dr. Davis. The bill does not reflect what the answer to the question would have been. In McCune v. State, 156 Tex. Cr. Rep. 207, 240 S. W. (2d) 305, this court said, "For this Court to pass upon a bill to the exclusion of evidence, it must have before it, in the bill, the excluded evidence. Otherwise, there is nothing for this court to pass upon, and the bill does not reflect error." We note, however, that practically the same question was later propounded to the doctor and that he stated he was not qualified to answer it.

Bill of Exception No. 3 complains that the state was permitted to prove the bad reputation of the appellant by showing specific acts of misconduct. The witness had testified that the appellant bore the reputation of being a peaceable, law-abiding citizen. She was interrogated and answered on cross-examination:

"Q.  You never heard about his going to jail all those times?
A.  No, this is the first time I ever heard about it.

"Q.  Assuming that is true, do you still say he has a good reputation?

"Appellant's Counsel: If the Court please, we object to that.

"The Court: Objection overruled."

Appellant excepted to the ruling and the witness answered "Yes."

This informal bill does not show that the state was permitted, over objection, to show specific acts of misconduct on the part of appellant, if in fact it is sufficient to preserve any error. The objection came after the question, as to reports of appellant going to jail, had been answered, and no ground for the objection to the next question was given.

Bill of Exception No. 4 complains of proof of oral statements made by the appellant while under arrest. The district attorney, on cross-examination of the appellant, questioned him about a statement which the appellant had made and signed following

his arrest. No confession was introduced in evidence. The prosecutor apparently then read the following from the confession, "My wife quarrelled and nagged at me all the way back from California home," and asked the appellant if he remembered telling him that. This was followed by several questions about what the appellant had told the prosecutor on that occasion. The appellant answered most of the questions by saying that he could not remember. The appellant then objected as follows:

. "Mr. Friedman: If the Court please, we object to the reference of any statement. This witness has alleged and stated from the witness stand that he told the district attorney he was in no mental condition to make a statement, and the district attorney seems, from his questions, to bear that out, and until it can be proved that this witness was in his right mind, if he did make a statement, we object to it."

The court overruled the objection, but no further questions were propounded relating to the confession or appellant's conversation with the prosecutor.

There was no objection on the ground that appellant was under arrest when he talked to the district attorney, and the statement referred to was not offered in evidence. No error is reflected by the bill.

Bill of Exception No. 5 complains of introduction of pictures of the appellant with other women. Normally, such pictures would not be admissible, but in this case, after the assault in question and prior to the trial, the appellant wrote letters to the members of his family in which he stated that he was enclosing pictures of himself and certain young women.

We have concluded that the admission of the letters and their contents does not constitute reversible error.

Finding no reversible error, the judgment of the trial court is affirmed.