Lorenzo Gomez **ALVAREZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44996.

Court of Criminal Appeals of Texas.

May 31, 1972.

Allen Moore, Odessa, for appellant.

John Green, Dist. Atty., and John Hoestenbach, Asst. Dist. Atty., Odessa, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the possession of heroin. The punishment was assessed by the jury at 99 years.

The sufficiency of the evidence is not challenged.

Bill Bessent testified that while he was working as an undercover agent he and a man named Rodriquez went to an apartment in Odessa and the appellant came to the door. They went inside and he saw a shoe box approximately two-thirds full of manicured marihuana on a table and two Latin-American boys rolling marihuana cigarettes. After Rodriquez and the appellant spoke in Spanish, the three men went outside and the appellant sold Rodriquez some heroin. The appellant then asked Bessent how much heroin he wanted. Bessent replied that he would take two grams if the price were fifty dollars a gram. The appellant answered that he did not have that much but he and his brother were going after a load and would have it in a few days. He then said he had ten papers of heroin and would sell them for five dollars each. Bessent agreed to take six papers. The appellant then took out a fingerstall, counted out six papers of heroin and sold them to Bessent and told him they handled uncut and the best heroin in Odessa. He told Bessent he had a constant supply and to just ask for Lorenzo at the apartment when he wanted more.

The substance in the papers was tested by Charles Beardsley, a chemist for the Department of Public Safety, and it was 55.1 percent heroin which was very strong for a "fix" in that size packet.

The appellant's mother and two sisters testified that the appellant was a short distance away and was not in the apartment at the time testified to by Officer Bessent and intimated that the officer had mistaken his identity with that of appellant's older brother who was serving time in the penitentiary.

The appellant testified that he had never seen Officer Bessent and that he had never sold him heroin.

The sole complaint on appeal is that the court erred in denying a motion for new trial because of newly discovered evidence of insanity.

There was no mention or indication that the appellant was incompetent until the day after the appellant was sentenced. The verdict was returned June 11, 1970. A motion for new trial was filed June 19. A hearing was held on the amended motion for new trial on July 9. The motion was overruled and the appellant was sentenced and notice of appeal was given that day. On July 10, the appellant filed a "Second Motion for a New Trial" based on newly discovered evidence and requested a sanity hearing. A hearing was held on July 15.

In this last motion for new trial the appellant alleged newly discovered evidence of insanity. A former school teacher who taught the appellant in a special education class in 1961 or 1962 testified that at the time he was of low intelligence and at that time she did not think he knew right from wrong. A teacher who was in charge of the special education program testified that some eight years before the hearing, the appellant had an I.Q. of 64 and did not think that appellant knew right from wrong. Both teachers testified that his behavior was good while he was in school.

During the trial, the appellant's two sisters and his mother testified at length, but there was no mention that he was ever mentally incompetent in any way. The appellant testified, and an examination of his testimony shows that he understood the questions and answered them responsively. His testimony was to the effect that people got him confused with his older brother who had apparently been selling heroin. Since the brother was always in trouble, he, the appellant, did not want him around and tried to keep him away. He also testified that he had worked for the Job Corps in New Mexico until it closed. His testimony about the alibi was the same as his mother and sisters.

In 1 Branch's Ann.P.C.2d, Section 54, page 46, it is written:

"Where the plea is insanity [in a motion for new trial filed] the same strictness is not required as to newly discovered evidence of insanity as if some other fact was sought to be proved.
. . .

"A new trial will not be granted to prove insanity where the supporting affidavits do not show such facts as would render the defendant irresponsible, . . . ."

See also Hill v. State, Tex.Cr.App., 429 S.W.2d 481.

Even if the motion for new trial had been timely filed, there is no competent evidence in the record to show that the appellant was incompetent to stand trial or was insane at the time of the commission of the offense. Testimony that one has a low I.Q. does not create a presumption of insanity. Grayson v. State, Tex.Cr.App., 438 S.W.2d 553; McCune v. State, 156 Tex. Cr.R. 207, 240 S.W.2d 305. See also Stanley v. State, Tex.Cr.App., 471 S.W.2d 72.

In Abshire v. State, 438 S.W.2d 928, this Court held the issue of insanity at the time of the trial and the time of the offense raised after sentence and notice of appeal were given was too late, but one may proceed under Article 46.02, Section 4, Vernon's Ann.C.C.P.

The matter was not timely called to the trial court's attention. Even if it had been, there was no showing that the trial judge abused his discretion. At the hearing on the late motion for new trial, he offered to send the appellant to Big Spring for an examination but apparently this was declined.

No error has been shown. The judgment is affirmed.